[Filed October 16, 1888.]

S.   MITCHELL, APPELLANT, *v.* IRA F. POWERS, ASSIGNEE, RESPONDENT.

CONSTITUTION—FINAL DECISION OF CIRCUIT COURT—HOW REVIEWED.—Under the Constitution of this State, the Supreme Court has jurisdiction to revise the final decisions of the Circuit Courts in all cases, whether rendered in the exercise of common-law jurisdiction, or in the exercise of jurisdiction derived wholly from the statute, and whether the statute has given the right of review or not.

STATUTE PROVIDES MEANS OF REVIEWING SUCH FINAL DECISIONS.—Where the mode of review of final decisions of the Circuit Courts is not specifically pointed out, the Code authorizes any suitable process or mode of proceeding to be adopted, conformable to its spirit.

APPEAL—WHEN LIES.—In pursuance of which authority rule 14 of this court was adopted, providing that the mode of revision of final decisions of the Circuit Courts in such cases shall be by appeal, as in cases of appeal in judgments at law; and questions of fact shall not be considered upon such appeal unless made a record in the form of *a bill of exceptions*.   In view of these premises, *quære*, has this court the right to consider intermediate proceedings under the insolvent act of this State, unless authenticated in accordance with said rule?

BILL OF EXCEPTIONS—WHEN NECESSARY—QUÆRE.—Where in an appeal from the decision of the Circuit Court in proceedings of insolvency, the record fails to disclose that any final decision was made therein, this court will not consider the same until the record is completed in that particular.

APPEAL from the Circuit Court for the county of Multnomah.

*X. N. Steeves,* for Appellant.

*E. B. Williams,* for Respondent.

THAYER, C. J.—This is an attempt to review various rulings and decisions made by the said Circuit Court in proceedings of insolvency. It appears from the mass of papers filed in this court as a transcript, that one Julius Levi, on the twenty-third day of February, 1887, made an assignment to the appellant, S. Mitchell, for the benefit of his creditors, under the insolvent law of this State. In the list of creditors set out in the assignment, said Mitchell and the other appellants, S. H. Abrahams and W. Friedlander, were included as being entitled to the respective sums of two thousand two hundred dollars, four hundred and fifty dollars, and two hundred dollars. That subsequently, upon petition of other of the creditors of the said Levi, the said Circuit Court made an order directing the clerk thereof to order a meeting of all the creditors of the insolvent for the purpose of choosing an assignee in place of said Mitchell. That about the time of such meeting of said creditors, the said Circuit Court made an order enjoining the said Mitchell from voting or participating in any manner in the election of such assignee, and that in consequence thereof he did not vote thereat. That the said clerk certified to the court that the said meeting was held in accordance with said order, and resulted in the election of the respondent Powers as such assignee. That said Circuit Court thereupon made an order directing that the said Mitchell forthwith deliver over to said Powers all the property of said estate. That thereafter, on the petition of and a showing made by said Mitchell, the said court set aside the said certificate and return of the said clerk, and declared that there had been no election; and then proceeded of its own motion to appoint the said Powers as such assignee, and directed him to sell the property of the estate. Said Powers, it seems, qualified and acted as assignee; but in his first quarterly report to the court of his proceedings he did not include the appellant and one other party named in

the said list of creditors as creditors of the estate, stating in his report that they had not exhibited their claims. That afterwards, and on the twenty-third day of January, 1888, the said Circuit Court, upon the petition of N. Burnstein, a creditor of the estate, made an order commanding the said assignee, Powers, to show whether or not any other or different claims against said estate than those mentioned in said report had ever been presented to him, and especially claims on the part of the appellants, and requiring him, if any other claims had been presented, that he make profert of them to the court.

The transcript contains what purports to be the answer of the said assignee, made in pursuance of said order, which states that he had reported to the court all claims presented to him therein; that the pretended claims of the appellants had never been legally presented or exhibited to him, or shown, except that certain papers were handed him within the time allowed by law for exhibiting claims purporting to be copies of promissory notes held by the appellants respectively, and that they were attached to the answer as a part thereof. The answer contained a further statement that said pretended claims were fraudulent, and were attempted to be presented for the purpose of defrauding the other creditors of the assignor.

This answer appears to have been filed January 28, 1888, but it does not appear that any further action was had thereon. It appears that on the eighteenth day of May, 1888, the assignee filed his final account, asking the court for an order declaring a certain dividend in favor of the creditors included in his report, to be paid *pro rata* out of the money in his hands; and that on the twenty-first day of May, 1888, the court heard the motion and took the matter under advisement. That on the twenty-fifth day of May, 1888, a petition on behalf of said Mitchell was filed in said court, praying for an order and judgment allowing his claim and those of the other appellants; that said assignee be required to pay each of said claimants a *pro rata* dividend with all the other claims against the estate, and that the final account of the assignee be not allowed in any settlement of the estate until after the hearing of the said petition. That there-

upon the said court made an order that the assignee appear and answer the petition within five days; and that in pursuance of such order the assignee filed an answer denying all the material averments contained therein. That on the eleventh day of June, 1888, the appellants filed a paper, which read as follows:—

"*In the Circuit Court of the State of Oregon for Multnomah County.*

"In the matter of the assignment of Julius Levi, insolvent debtor.

"Now comes the petitioner, S. Mitchell, and moves the court that the petition and answer thereto herein filed for a payment for and on the claims of S. Mitchell, W. Friedlander, and S. H. Abrahams, herein, out of the moneys in the hands of the assignee, and for a share of the dividends.

"X. N. STEEVES, Attorney for Petitioner."

I have explored the batch of papers brought here and filed as a transcript, and am unable to find that any decision was made on the said motion, or on the petition and answer last referred to, or anything done in the proceedings except the service and filing of a notice of appeal, and giving security to perfect an appeal to this court. The notice of appeal states that the petitioner, S. Mitchell, appeals, etc., from the order and judgment given and rendered therein by the said Circuit Court on the twenty-eighth day of June, 1888, and then sets out the parts of the supposed order and judgment appealed from. It also states that said appellant appeals from the various other orders made by the said court herein referred to; but it nowhere appears in said transcript that any order or judgment was given or rendered by the said Circuit Court on the said twenty-eighth day of June, 1888, nor is there anything in the transcript except the notice of appeal indicating that said court had ever given or rendered any such order or judgment as that referred to as having been rendered at said last mentioned date. There is therefore no questions appearing upon the transcript which this court could review if it had power to do so, except the intermediate orders referred to. Such orders, however, in proceedings of insolvency,

are not appealable. Our decision in *In re Estate of · Goldsmith et al. Insolvents,* 12 Or. 414, is decisive of that question.

Although final judgments of the Circuit Courts in such proceedings may be revised by this court, I think the Constitution confers upon it jurisdiction of that character in all cases, whether the statute expressly provides for it or not. The greatest difficulty encountered, however, in the exercise of such jurisdiction, where the statute has failed to provide the mode to be pursued, is the adoption of the one most suitable. The Code contains a general provision, to the effect that any suitable process or mode of proceeding in such a case may be adopted, which may appear most conformable to its spirit. (Code, § 940.) But as to what course of proceeding might appear most conformable to the spirit of the Code, in revising such final judgments, where none were specifically point out, must, it seems to me, be determined by this court. We have at least so viewed the matter, and adopted the following rule: "Rule 14. The mode of revision of final decisions of the Circuit Courts, where the course of proceeding is not specifically pointed out by the Civil Code, shall be by appeal, as in cases of appeal from. judgments at law; and questions of fact shall not be considered upon such appeal, unless made a record in the form of a bill of exceptions." If this rule is obligatory upon litigants, and we must so hold it, then the party to an insolvency proceeding, in order to have the final judgment rendered therein revised by this court, must appeal therefrom in the same manner as in cases of appeal from judgments at law; and if he desire to have questions of fact considered on such appeal, he must prepare a statement in the form of a bill of exceptions, containing such facts, and have it settled and signed by the circuit judge before whom the proceeding was had, the same as in the trial of actions. If the mode here indicated is pursued it will insure regular and orderly practice in matters of appeal to this court, and save the court the necessity of searching through a bundle of papers thrust together and sent here as a transcript, a great part of which do not belong to it. No papers should be included in the transcript in any case, except such as constitute the judgment roll or final record, or

which have been made a record by being incorporated into a bill of exceptions. They cannot be considered for any purpose, and serve only to embarrass the court and counsel. We held, in *Osborn* v. *Graves,* 11 Or. 526, in effect, that no paper not a part of the transcript, although certified as such, could be considered on the appeal. Because an exception need not be taken or allowed to any decision upon a matter of law, when the same is entered in the journal, or made wholly upon the matters in writing, and on file in the court, does not preclude the necessity of making a statement of the exception. In such case an exception to the decision is deemed to have been taken. The law regards it as having been objected to, which constitutes an exception; but that is a mere challenge to the correctness of the decision; whether it is erroneous or not depends upon facts. It is often necessary to show the circumstances under which it was made in order to prove it to be erroneous. Whether the decision claimed to have been made by the Circuit Court in this case, to the effect that the appellants' claims against the insolvent's estate had not been exhibited to the assignee was correct or not, depends upon the facts which were before that court.

The appeal brings up the decision to this court because it is a part of the record of the case; but it does not bring up the facts by which the appellants seek to impeach the decision, unless they are also a part of that record. If the appellants depend upon matters resting in parol, or which are contained in writings that are not a part of the record, to impeach that decision in this court, they must necessarily fail. We have no means of ascertaining whether the decision of a Circuit Court is erroneous or not, except by examining the record of that court transmitted to us, and we cannot consider any matter sent here with the record which is not a part of it. In my opinion, the decision of the Circuit Court that the appellants' claims had not been exhibited to the assignee, if it ever made any such decision, is reviewable in this court, although the insolvent act contains no provision authorizing any such review or appeal in any case; but I think that such a decision should be deemed a final judgment within the meaning of that term as used in the Constitution and general laws of this State.

The decision certainly operated as a final disposition of those claims, and a perpetual bar to their recovery.   But in order to show that the decision is erroneous by matters which are not primarily a part of the record, the appellants must have had them made a record in the manner indicated.   We do not propose to make a final disposition of the case at this time.   We leave it open, with permission to the appellants' counsel to take such course as he may deem proper in regard to supplying the record, and make these suggestions for the consideration of counsel in the further prosecution of the appeal.   The clerk will notify counsel of the status of the case, and if no steps are taken within six days from this time to supply the record, the appeal will be dismissed.

LORD, J., stating the grounds of his concurrence.— As, by some oversight, the judgment from which the appeal is taken was not incorporated in the transcript, it is not possible for us to proceed without it, and I concur in the opinion that the appellant may have six days in which to supply it, so that the case may be determined on the error assigned and argued.

STRAHAN,  J., expressed no opinion on the above holding.