[Decided July 30, 1894.]

## ALLEN *v.* LEAVENS.

[37 Pac. 488, 26 L. R. A. 620.]

BILL OF EXCHANGE.— A promise to accept the order of another with such other's name indorsed thereon is in no sense a bill of exchange. Where L. wrote to A., "I will accept C.'s order for twenty dollars on December twelfth, eighteen hundred and ninety-two," and C. wrote his name on the

back of such paper, he is not liable to A. thereon, because if the promise is to pay C.'s debt it does not express the consideration, and if it is only a promise to accept an order, it is enough to say that the order was never drawn; and it is not a bill of exchange for it is not a direction to any one to pay any sum of money.*

APPEAL from Multnomah: HARTWELL HURLEY, Judge.

This is an action by Wiley B. Allen against John M. Leavens to recover money. Upon a trial thereof without a jury the court made the following findings of fact: "1. That on the twenty-eighth day of November, eighteen hundred and ninety-two, the said James Cusick was in the employ of the defendant Leavens and his partners, and that there was at that time wages due him from the defendant and his partners for work and labor. 2. It was at that time, verbally, mutually agreed by and between the plaintiff and the said James Cusick and the defendant Leavens that in consideration of the plaintiff selling to the said Cusick certain goods for the sum of twenty dollars, and extending to him credit for the same, the defendant would pay the plaintiff on the twelfth day of December, eighteen hundred and ninety-two, the said sum of twenty dollars for said goods, out of the wages then due or to become due said Cusick for said work, and that it should be deducted from his wages. 3. That in consideration of said mutual understanding and agreement, the plaintiff, on or about the twenty-eighth day of November, eighteen hundred and ninety-two, sold and delivered to said James Cusick certain goods, wares, and merchandise, of the agreed value of twenty dollars, and extended credit to him for the same according to the terms of said agreement. 4. That as evidence of said agreement on the part of the defendant to

---

*This case is re-reported in 26 L. R. A. 620, with a useful note collecting the authorities on the validity of parol promises to accept orders or bills of exchange, (a) where the orders or bills have been drawn, and (b) where the orders or bills have not been drawn.— REPORTER.

pay the plaintiff said sum of twenty dollars in accordance
with said verbal agreement mentioned in finding number
two, the defendant, on the twenty-eighth day of November,
eighteen hundred and ninety-two, made and delivered to
the plaintiff a written memorandum in words and figures
following: 'Portland, Oregon, November twenty-eighth,
eighteen hundred and ninety-two. To Wiley B. Allen—I
will accept and pay James Cusick's order for ($20) twenty
dollars, on the twelfth day of December, eighteen hundred
and ninety-two. (Signed): J. M. Leavens.' 5. That after
said memorandum had been made and delivered by the
defendant to the plaintiff, the said James Cusick indorsed
his name on the same, and on the twelfth day of December,
the plaintiff presented said memorandum to the defendant
for the payment of said twenty dollars in accordance with
said verbal agreement, and said memorandum, but the
defendant refused to pay the same. 6. That said twenty
dollars is now due and owing from the defendant to plain-
tiff, together with interest thereon from the twelfth day
of December, eighteen hundred and ninety-two, at eight
per cent. per annum." From the foregoing findings of
fact, the court found the following conclusions of law:
"1. That there is now due and owing from the defendant
to the plaintiff, the said sum of twenty dollars, and interest
thereon at eight per cent. per annum, from December
twelfth, eighteen hundred and ninety-two; 2. That plain-
tiff is entitled to a judgment for said sum, and interest and
costs and disbursements." A judgment for plaintiff hav-
ing been given in accordance with such findings, the de-
fendant appeals.                              REVERSED.

Mr. *William W. Page*, for Appellant.

Mr. *William L. Nutting*, for Respondent.

Opinion by MR. JUSTICE MOORE.

There being no bill of exceptions, the only question presented is whether the findings support the judgment. The defendant contends that the cause of action is founded upon a bill of exchange alleged to have been drawn on him by James Cusick in plaintiff's favor for twenty dollars, while the plaintiff contends that it is founded upon a promise by defendant to pay Cusick's indebtedness to plaintiff, he being Cusick's debtor in an amount equal to such indebtedness when he made the promise; and that, the defendant's undertaking being original, a memorandum of the transaction was unnecessary. Section 785, Hill's Code, provides that an agreement to answer for the debt of another is void, unless the same or some note or memorandum thereof, expressing the consideration, be in writing, and subscribed by the party to be charged. If the defendant was indebted to Cusick, and he to the plaintiff, and all mutually agreed that Cusick's debt should be canceled, and defendant should pay to the plaintiff the debt which he owed to Cusick, such agreement is not within the statute, and is valid and binding without any written memorandum thereof. In such case the defendant's agreement is not collateral, but an original one to pay his own debt to a substituted creditor; and the fact that by the transaction the debt of another is paid makes no difference: Brandt-on Suretyship and Guaranty, § 66; 3 Parsons on Contracts, 26. The plaintiff in such cases would discharge Cusick's previous liability, and look to the defendant for payment, who, by virtue of the fact of his debt to Cusick, and of the mutual agreement and promise to pay the same to the plaintiff, would become liable therefor. But could this rule have any application to a credit extended by plaintiff to Cusick subsequent to defendant's promise? It may be conceded that if the plaintiff, upon the faith of defendant's promise, delivered goods to Cusick, but charged the same and extended the

credit to the defendant, it was a sale to the latter upon his request, and hence not within the statute; but if the credit were given to Cusick upon the defendant's promise, the latter's undertaking would be collateral, and to render it valid there should be a note or memorandum thereof expressing the consideration: *Dixon* v. *Frazee*, 1 E. D. Smith, 32; *Briggs* v. *Evans*, *Id.* 192. If Cusick was at all liable to the plaintiff, the defendant's agreement, though it may have induced the plaintiff to furnish the goods, was collateral, and within the statute: 1 Chitty on Contracts (11th Am. ed.), 750. The court found that the plaintiff furnished goods, wares, and merchandise, to Cusick, and extended credit to him, according to the terms of defendant's agreement. The credit having been given to Cusick subsequent to defendant's agreement, Cusick, by the findings of the court, would be liable to the plaintiff, and the defendant's undertaking one of guaranty, collateral to the liability of Cusick.

If the cause of action be as contended for by the plaintiff, the findings do not bring it within the rule applicable to the case suggested where an antecedent debt has been discharged in consideration of a mutual agreement of all the parties, and a promise of the part of a third person, who is indebted to the person primarily liable for the original debt, to pay the same; nor can it apply to a credit extended to Cusick subsequent to defendant's promise, because, in that event, it appears from the findings that Cusick was still liable to the plaintiff. If the cause of action be as contended for by the defendant, that the plaintiff, in consideration of defendant's agreement to accept Cusick's order, sold goods, and extended credit to the latter, the defendant would not become liable until Cusick had drawn on him for the amount, assuming, without deciding, that the defendant would be liable notwithstanding the statute, which provides that "No person within this

state shall be charged as an acceptor of a bill of exchange unless his acceptance shall be in writing, signed by himself or his lawful agent": Hill's Code, § 3194. The court has found that Cusick did not draw the order on the defendant, but merely indorsed his name on the agreement to accept such order when drawn. "A bill of exchange," says Mr. Daniel in his work on Negotiable Instruments, § 27, "is an open letter addressed by one person to a second, directing him, in effect, to pay absolutely and at all events a certain sum of money therein named, to a third person, or to any other to whom that third person may order it to be paid"; and Cusick's name indorsed on the defendant's agreement cannot, under the most liberal construction, be deemed to come within the definition above given. From an examination of the court's findings, it would appear, that the sale of the goods had been made upon the faith of defendant's written promise to accept an order to be drawn by Cusick for the amount thereof, and no order having been drawn by him, the defendant has incurred no liability to the plaintiff. For these reasons the judgment is reversed and a new trial ordered.

REVERSED.

---

[ *Decided July 30, 1894; rehearing denied.*]