[Decided October 29, 1894.]

## RICHARDSON v. DUNLAP.

[S. C. 38 Pac. 1.]

BILL OF EXCEPTIONS — APPEAL — PRACTICE IN SUPREME COURT.—Where there is no bill of exceptions questions of fact cannot be considered on appeal.

APPEAL from Multnomah: HARTWELL HURLEY, Judge.

This is an action by the Richardson and Boynton Company against Caroline Dunlap to recover fifty dollars, alleged to be a balance due upon the sale of a hot-air furnace. The plaintiff alleges in its complaint that one H. B. Chase on January twenty-ninth, eighteen hundred and ninety-two, sold and delivered to the defendant a hot-air furnace of the reasonable value of one hundred and seventy-five dollars, which sum the defendant agreed and promised to pay; but that she has paid only one hundred and twenty-five dollars; that said Chase, for value, duly assigned said account to the plaintiff. The defendant denies the sale, and alleges that Chase agreed to furnish a hot-air furnace with a drum attachment, which he agreed to properly set up in her dwelling-house, with all proper connections, and warranted it to work successfully and to her complete satisfaction; that said furnace smoked up the rooms of said house, failed to work successfully, was of no value and did not give satisfaction. The reply admits the agreement and warranty, but alleges that it was made upon condition that the chimney erected by the defendant in her house

should be made to work successfully in conjunction with said furnace, which the defendant agreed to do; that the said chimney is not properly constructed, fails to work successfully, and causes the furnace to smoke, but denies that the furnace was not placed in the house to defendant's satisfaction, or that it fails to work successfully or is of no value. The action was originally brought in the Justice Court for the District of North Portland, where the plaintiff secured a judgment from which the defendant appealed to the circuit court, where the cause was tried, by stipulation of the parties, without the intervention of a jury, and the court having found upon the issue for defendant, rendered a judgment against the plaintiff from which it appeals to this court, and assigns the following errors in its notice as grounds for its reversal: 1. "That the court erred in the findings of law filed herein and made a part of the records of this cause in this, namely, that he should have found that the plaintiff was entitled to a judgment for the sum prayed for in the complaint and costs and disbursements. 2. That the court erred in its findings of fact, particularly in the seventh additional finding of fact and that part thereof in which the court found that the chimney or flue for said furnace was constructed according to the plans and specifications then made for the same, in this, that the said chimney or flue was built as the court has found with an area of about fifty inches, which is the area of a pipe eight inches in diameter, while the plans and specifications produced in evidence call for a flue eight by twelve inches, or an area of ninety-six square inches."                    AFFIRMED.

*Mr. Albert Abraham*, for Appellant.

*Mr. Ralph W. Wilbur*, for Respondent.

PER CURIAM. The record contains no bill of exceptions, and hence it is impossible for this court to review

the question of fact presented by the second assignment of error.   Among other findings of fact the court found: "That said furnace has never worked properly, but the same is defective in draft and smoke, and consequently defective in heating capacity, and that it is not satisfactory to the defendant, and never has been, and that the defendant has repeatedly notified said Chase of these defects, as well as the plaintiff in this action, and that they have promised to remedy the defects, but have failed to do so."   It is contended that the facts embraced in this finding are not equivalent to a notification that the furnace was at the plaintiff's disposal, or that it could be removed from the defendant's house.   The defendant had a reasonable time to inspect the furnace, and if it did not work successfully and to her satisfaction it was her duty to notify the plaintiff and request it to remove the same from her house, for without notice to remove the furnace plaintiff might well believe defendant had elected to retain it, although some defects were observable.   While it may be doubted whether the foregoing finding shows of itself a sufficient observance of this duty by the defendant, it will be observed that the court made in addition thereto the following: "*Fifth*, that defendant has never accepted said furnace for the reason of said defects, and has never been satisfied with the same."   Acceptance is a question of fact, and the jury (or court) is to determine whether under all the circumstances the acts which the buyer does or fails to do amount to an acceptance (Benjamin on Sales, § 142), and the court having found that the defendant never accepted the furnace, this finding will, in the absence of a bill of exceptions, be deemed conclusive upon the question.   The court has found upon all the issues presented by the pleadings, and these findings support the judgment; it follows that it must be affirmed, and it is so ordered.                              AFFIRMED.