## PROCTOR v. JEFFERY.

(144 Pac. 1192.)

**Appeal and Error—Proceedings—Lack of Jurisdiction—Dismissal.**

1. Where lack of jurisdiction of an appeal is disclosed by the appellant's failure to give a proper notice of the appeal within the time limited to file a proper undertaking or to send up a transcript, the appeal must be dismissed.

**Appeal and Error—Proceedings—Assignment of Error—Failure to Include—Effect.**

2. Where an abstract on appeal failed to contain assignment of errors, such assignment not being essential to transfer of the cause, its omission was not ground for dismissal, and appellant would be permitted to include it by amendment.

**Appeal and Error—Scope of Review—Pleadings.**

3. Where an appeal is taken by defendants, they may contest the sufficiency of the complaint for want of facts without filing a bill of exceptions.

From Clatsop: JAMES A. EAKIN, Judge.

This is an action by Mrs. J. H. Proctor against Robert R. Jeffery, as executor, and Nellie Mason, as executrix of the will of R. L. Jeffery, deceased.  Judg-

ment for plaintiff, and defendants appeal.   On motion
to dismiss appeal.                    Motion Denied.

*Mr. George C. Fulton,* for the motion.

*Mr. Clarence J. Curtis, contra.*

In Banc.   Mr. Justice Moore delivered the opinion
of the court.

This is a motion to dismiss an appeal on the grounds
that the abstract does not contain any assignments of
error, and that the bill of exceptions is insufficient to
authorize an investigation of any questions to be re-
examined.   The appellants' counsel, denying that the
bill of exceptions is inadquate, moves for leave to file
an amended abstract setting forth assignments of er-
ror.

1, 2. When by the failure of a party to give within
the limited time a proper notice of appeal, to file an un-
dertaking therefor, or to send up a transcript thereon,
a lack of jurisdiction is disclosed, the appeal must nec-
essarily be dismissed.   An assignment of errors in an
abstract though convenient to a speedy examination of
the questions undertaken to be reviewed, is not now
made by statute essential to a transfer of a cause to the
Supreme Court.   It has been the practice, when an as-
signment of errors was inadvertently omitted, to per-
mit, on proper showing, a typewritten statement of the
errors relied upon to be inserted in the abstract after
it was filed.

3. In the case at bar, the appellants being the de-
fendants can, upon the filing of a mere transcript, chal-
lenge the sufficiency of the complaint to state facts
adequate to constitute a cause of action, without filing
a bill of exceptions.

The motion to dismiss the appeal should be denied and leave granted to file an amended abstract which has been tendered, and it is so ordered.

MOTION DENIED.

Dismissed as per stipulation May 11, 1915.