On motion to dismiss appeal, argued January 13, denied January 26, 1915.

On the merits argued October 5, reversed November 9, rehearing denied December 7, 1915.

## STATE EX REL. *v.* RIDER.

(145 Pac. 1056; 152 Pac. 497.)

**Contempt—Appeal—Bill of Exceptions.**

1. Whether a sentence for contempt exceeds the limits fixed by statute, being determinable from an examination of the judgment as exemplified in the record, may be submitted on appeal without a bill of exceptions, even though other questions discussed in the brief could not be considered without the evidence and a bill of exceptions.

**Contempt—Appeal—Record—Additional Abstract.**

2. Where respondent deems the abstract imperfect or unfair, he should file an additional abstract, as prescribed by Supreme Court Rule 7 (56 Or. 616 [117 Pac. x]).

**Contempt—Appeal—Assignments of Error—Sufficiency.**

3. That assignments of error in the abstract on appeal fall short of technical accuracy does not require a dismissal of the appeal, not essential to a transfer of the cause.

Contempt—Appeal—Transcript—Authentication.

4. Where defendant has attempted in good faith to comply with Laws of 1913, page 656, declaring that when an appeal is perfected the original pleadings and the original bill of exceptions shall be sent up by the clerk of the trial court and made a part of the transcript, he will be allowed to supply a certificate to meet the objection that the pleadings and papers sent up were not properly authenticated.

### ON THE MERITS.

Appeal and Error—Record—Certification.

5. Documents not certified by the judge as having been received or offered in evidence at the trial cannot be considered on appeal, though certified by the clerk below and filed in the appellate court.

Appeal and Error—Record—Questions Presented.

6. In the absence of a bill of exceptions, the only question to be considered on appeal is whether the findings of fact support the judgment.

Justices of the Peace — Supplementary Proceedings — Disobedience of Order—Punishment—Proceedings.

7. Where a judgment debtor is discharged, in proceedings for contempt before a justice of the peace in not paying over, as ordered, money found to be in his possession in supplementary proceedings, and the judgment creditor appeals to the Circuit Court, the burden is on the creditor to show that the money is still in the debtor's possession; there being no presumption thereof.

[As to courts and tribunals authorized to punish for contempt, see note in 117 Am. St. Rep. 950.]

From Marion: PERCY R. KELLY, Judge.

In Banc.   Statement by MR. JUSTICE HARRIS.

This is a motion to dismiss an appeal from the judgment of the Circuit Court of Marion County finding the defendant guilty of contempt. The reasons assigned in the motion are that: (1) No bill of exceptions was allowed or filed; (2) the evidence has not been brought before this court; (3) the abstract filed herein is insufficient because the affidavit for contempt on which the judgment was based is not set forth in full, the findings of fact are only partially recited, and the conclusions of law are omitted; (4) there are no assignments of error which could be determined on appeal; and (5) the notice of appeal was not served on the district attorney or other officer of the State

of Oregon.    The transcript filed includes copies of the
judgment, notice of appeal showing acceptance of ser-
vice by both the district attorney and the attorney for
the relator, and the undertaking on appeal.    There are,
in the hands of the clerk of this court, what purport
to be papers filed in the Justice Court, where the con-
tempt proceeding originated, and also what appear to
be papers filed in the Circuit Court.    There is no bill
of exceptions.    The objections will be considered in
the order already stated.                    MOTION DENIED.

*Mr. Ernest R. Ringo,* District Attorney, and *Messrs.
McNary, Smith & Shields,* for the motion.

*Mr. Ivan G. Martin* and *Mr. Carey F. Martin, contra.*

MR. JUSTICE HARRIS delivered the opinion of the
court.

1. One of the questions sought to be determined by
this appeal is whether the sentence imposed by the
court exceeds the limits fixed by statute.    An exami-
nation of the judgment, as we find it exemplified in
the record, will reveal a recital of sufficient facts to
enable a decision of the point raised.    At least one
phase of the case can be submitted on appeal without
the presence of a bill of exceptions, and even though
other questions discussed in the brief could not be con-
sidered without the evidence and a bill of exceptions.

2. If plaintiff deemed the abstract imperfect or un-
fair, an additional abstract could have been filed as
provided by Rule 7, 56 Or. 616 (117 Pac. x) ; *Francis* v.
*Bohart,* 76 Or. 1 (143 Pac. 920).

3. The assignments of error as set forth in the ab-
stract are sufficient; and, even if they fell short of

technical accuracy, the rule in *Proctor* v. *Jeffery,* 76 Or. 151 (144 Pac. 1192), would apply.

The objection that the district attorney was not served with the notice of appeal is answered by the fact that the record shows that he admitted service.

4. The defendant has attempted in good faith to comply with the provisions of Chapter 335 of the Laws of 1913, and has caused to be sent to the clerk of this court, not only all the pleadings, but also all the original papers filed in the case. Objection has been made to these pleadings and papers because not properly authenticated, and defendant, therefore, has requested permission to supply a certificate that will meet the objection made. The request of defendant is granted.

"While vexatious appeals should be discouraged, yet the opportunity for litigants to have their issues tried in the higher courts should not be hindered by technical constructions, which too frequently lead to the subversion of justice: *Smith* v. *Algona Lumber Co.,* 73 Or. 1 (136 Pac. 7).

The motion to dismiss the appeal is denied.

MOTION DENIED.

---

Reversed November 9, rehearing denied December 7, 1915.

ON THE MERITS.

(152 Pac. 497.)

Department 1. Statement by MR. CHIEF JUSTICE MOORE.

This proceeding was commenced in the Justice's Court of Salem district by the State of Oregon, on the relation of T. E. Mitchell, against U. S. Rider, to

punish the latter for a contempt for disobedience of an order for the payment of money. The affidavit initiating the proceedings is to the effect that the relator duly secured in that court, on March 14, 1913, a judgment against the defendant for $41.55 the amount of a promissory note, $25 as attorney's fees, and $7.65, costs and disbursements; that, based thereon, an execution was issued and returned *nulla bona,* whereupon supplemental proceedings were begun in that court against the defendant, who, appearing December 2, 1913, was examined on oath concerning his property, and the justice, having found that he then possessed $50 in money, made an order directing him to pay that sum on the judgment within 48 hours from December 4, 1913, at 2:30 P. M., the time when a copy of the order was personally served upon him; and that such order remains in full force, but has never been complied with by the defendant, who by reason of his disobedience is in contempt. The defendant personally appearing in a contempt proceeding was, after a hearing, found not guilty, and thereupon discharged January 10, 1914. From that determination the relator appealed to the Circuit Court for Marion County where the cause was tried October 2, 1914, and findings of fact and of law were made as set forth in the affidavit. One of the findings, relating to the original command of the Justice's Court to pay the specified sum of money, reads:

"That no evidence has been offered nor any reason shown by the defendant tending to excuse him for failure to comply with the last-mentioned order."

Predicated on such findings, it was determined that the defendant was guilty of contempt and should be imprisoned in the jail of that county until he complied with the order of the Justice's Court by paying the

sum of money specified. From the latter judgment, the defendant appeals to this court.

REVERSED. REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Carey F. Martin* and *Mr. Ivan G. Martin,* with an oral argument by *Mr. Carey F. Martin.*

For the State there was a brief over the names of *Mr. Ernest R. Ringo* and *Messrs. McNary, Smith & Shields,* with an oral argument by *Mr. Roy F. Shields.*

Opinion by MR. CHIEF JUSTICE MOORE.

5. No bill of exceptions has been settled or allowed in this cause. There have been filed with our clerk, however, the defendant's affidavit as to what testimony he gave in the Circuit Court, and also the original pleadings in the Justice's Court, together with a transcript of the orders made thereon and certified to by the justice, which papers were filed with the clerk of the Circuit Court and are certified to by him. None of these papers has been identified by the trial judge as having been received or offered in evidence, and for that reason they are not properly before us for review: *State* v. *Kline,* 50 Or. 426 (93 Pac. 237); *Multnomah L. Co.* v. *Weston Basket Co.,* 54 Or. 22 (99 Pac. 1046, 102 Pac. 1); *State* v. *Martin,* 54 Or. 403 (100 Pac. 1106, 103 Pac. 512); *Keady* v. *United Railways Co.,* 57 Or. 325 (100 Pac. 658, 108 Pac. 197).

In the absence of a bill of exceptions in an action at law, the only question to be considered is whether or not the findings of fact support the judgment: *Noland* v. *Bull,* 24 Or. 479 (33 Pac. 983); *Allen* v. *Leavens,* 26 Or. 164 (37 Pac. 488, 46 Am. St. Rep. 613, 26 L. R. A. 620); *Richardson* v. *Dunlap,* 26 Or. 270 (38 Pac. 1);

*Miller* v. *Head Camp,* 45 Or. 192 (77 Pac. 83); *Lewis* v. *Clark,* 66 Or. 461 (134 Pac. 1194). Upon an appeal from the judgment of a Justice's Court, the action must be tried anew in the Circuit Court: Section 556, L. O. L.

6. From the findings of fact hereinbefore quoted it would seem that the presumption was invoked that a thing once proved to exist continues as long as is usual with things of that nature: Id., § 799, subd. 33. Predicated on this deduction which the law expressly directs to be made from particular facts, it was evidently determined that, because the defendant had not offered any testimony or given any reason tending to explain his failure to comply with the order of the Justice's Court of December 2, 1913, to pay on account of the judgment $50, which sum it was then found he had, he retained possession thereof October 2, 1914, when the cause was tried in the Circuit Court.

In *Hammer* v. *Downing,* 41 Or. 234 (66 Pac. 916), an order issued in supplementary proceedings required defendant to apply a sum of money to the satisfaction of a judgment. The referee in such proceedings found that on a date more than three months prior thereto the defendant had in his possession the necessary money, and that, no evidence having been offered tending to prove that he had paid out any of the money, he was therefore still the owner and in possession thereof. The court in that case held that the presumption relied upon to sustain the final order was insufficient saying:

"As the judgment debtor's failure to apply property found in his possession or under his control to the satisfaction of a judgment in proceedings supplemental to execution renders him liable to be punished as for a contempt of court (Hill's Ann. Laws 1887, § 310), the proof of such possession ought to be con-

clusively established by the weight of the testimony given at such examination, and not deduced from disputable presumptions.''

If the $50 in question had been received by the defendant for the relator, as if it had been collected by an officer of the court, so that an obligation to pay it over to the party entitled thereto resulted from the mere possession, the presumption referred to might properly be indulged; for any other deduction would necessarily make a sequestration of the money a violation of the trust. What time elapsed after January 10, 1914, when the defendant was found not guilty of contempt and discharged by the Justice's Court, before an appeal from that judgment was taken to the Circuit Court, is not disclosed by the transcript properly before us. An appeal from a justice's decision may be taken by giving oral notice in open court at the time the judgment is rendered or within 30 days thereafter by serving on the adverse party a written notice and filing the original with proof of service indorsed thereon: Section 2457, L. O. L. It is possible the defendant, relying upon the order of the Justice's Court finding him not guilty and dismissing the proceedings, may have paid out the money before the appeal was taken. In view of that possibility, and as the case was tried anew in the Circuit Court, it was incumbent upon the relator to offer testimony affirmatively tending to prove that the defendant, on October 2, 1914, was then possessed of the $50, and could have complied with the order to pay that sum on account of the judgment and to have secured a finding of fact to that effect before the defendant could have been incarcerated in jail for a failure to comply with the command to make the payment: *Ex parte Joutsen,* 154 Cal. 540 (98 Pac. 391).

The findings do not support the judgment, and, such being the case, the final determination of the Circuit Court is reversed and the cause remanded for a new trial.        Reversed.        Rehearing Denied.

Mr. Justice Benson, Mr. Justice Burnett and Mr. Justice McBride concur.