Argued February 7; affirmed February 14, 1933

## YATES *v.* BJORKMAN

(19 P. (2d) 405)

*Richard Talboy,* of Portland, for appellant.

*Paul M. Long,* of Portland (Christopherson & Matthews, of Portland, on the brief), for respondent.

■ KELLY, J. There is no bill of exceptions in this case. For that reason the only question to be considered is whether the findings are sufficient to support the judgment. *Astoria v. Zindorf,* 96 Or. 332 (189 P. 884), and cases there cited. As applied to the case at bar, this question must be answered in the affirmative.

The principal question sought to be presented is whether defendant entered into a contract by the terms of which plaintiff was employed to procure a purchaser of certain furniture and furnishings, and of a lease upon the apartment house containing said furniture and furnishings.

The trial court expressly found that such a contract was entered into by and between plaintiff and defendant.

■ In his amended answer defendant alleges that the only contract for the sale of said personal property and leasing of said apartment house was one with Robert E. Roles, a duplicate of which contract, unsigned by said Roles, was left in Roles' possession; that the contract in suit is the same contract so executed by Roles and defendant, and that if plaintiff's signature is upon said duplicate such signature was placed there without any authority from defendant. This allegation adds nothing to the effect of defendant's denial of plaintiff's allegation that defendant entered into said contract with plaintiff. *Palomaki v. Laurell,* 86 Or. 491, 497 (168 P. 935). The court's finding that the contract, alleged in the complaint, was executed by plaintiff and defendant constitutes a sufficient finding upon the issue thus involved.

Except in so far as the defense of material alteration is reflected in the allegations above mentioned, no affirmative defense appears in defendant's amended answer.

■ Defendant seeks a reversal herein on the ground that the trial court failed to incorporate in the court's findings of fact certain findings requested by defendant. There are four such requested findings. None of them is within any of the material issues.

The first of these requests is to the effect that Robert E. Roles was acting as subagent of plaintiff.

The second states that a $36,000 mortgage, on the real estate in suit, due in October, 1930, was foreclosed in said month of October.

The third avers that when plaintiff entered into said contract with defendant for the sale of said property and the leasing of said apartments, plaintiff (defendant) informed plaintiff and Robert E. Roles "that he would be unable to enter into any lease of said premises until the loan upon said premises had been extended to include the lease period".

And the fourth recounts that at the time the contract of sale and leasing was made, a memorandum was endorsed thereon by plaintiff and signed by Robert E. Roles in the following words:

"I hereby agree to help refinance the property in order to make sale and lease".

No error was committed by the trial court in failing to incorporate these requested findings in the court's findings of fact.

For the above reasons, the judgment of the lower court is affirmed.

RAND, C. J., BELT and ROSSMAN, JJ., concur.