Argued September 13; affirmed September 26; rehearing
denied October 17, 1944

IN RE DOWNIE'S ESTATE
ROBBINS *v.* HEITSCHMIDT
(151 P. (2d) 730)

Before BAILEY, Chief Justice, and BELT, KELLY,
BRAND and HAY, Associate Justices.

*O. G. Larson,* of Portland, for appellant.

*Frank C. Hanley,* of Portland, for respondent.

KELLY, J.

The issues in this case were tried by the judge of the trial court without the intervention of a jury. No bill of exceptions is presented on this appeal and hence our consideration is restricted to the question of the sufficiency of the statement of the claim and whether the findings of the trial court are inconsistent with the order allowing said claim.

The statement of the claim in suit upon which the trial was had was presented to the administratrix of said estate on or about the 3rd day of April, 1942. Thereafter the administratrix disallowed and rejected said claim. Its sufficiency is now challenged by the administratrix because a line made by the use of a lead pencil is drawn through the following words of the last two clauses of the verification of said claim, viz: "except as stated, and that there is no just counterclaim to the same to my knowledge."

The statement of the claim is crudely drawn, but it discloses that claimant seeks to recover additional charges for attendance and keeping deceased, which charges consist of an additional charge of $12.50 per month for the months of November and December, 1939, and for the twelve months of 1940; and an additional charge of $27.50 per month for the twelve months of 1941. The amount paid to claimant is also shown to have been $37.50 per month during the term of service mentioned. The total sum claimed in said statement is $505.00.

Counsel for the administratrix restricted his contention of insufficiency to the alleged defect in the verification of the claim. The verification is upon a printed form and the words above quoted through

which the penciled line is drawn comprise part of the printed matter and are plainly legible.

We are not warranted in having recourse to the court reporter's transcript of the testimony which is on file, because no bill of exceptions certified by the trial judge containing said testimony is before us. We have for consideration only the statement of the claim and the order of the trial judge.

■ No purpose could be attained by claimant in drawing the line through the words of the verification as stated. In the light of the findings of the trial court, which refer to the claim presented to the administratrix on or about the 3rd day of April, 1942, as having been duly verified by claimant's oath in manner and form as provided by law, we conclude that the issue whether or not the penciled line across the latter words of the verification was there when the claim was presented to the administratrix, was decided by the trial judge adversely to the contention of the administratrix and in favor of the contention of the claimant; or, in other words, that such line was not upon the verification when the claim was presented on or about April 3, 1942.

In the order of the court the following findings are set forth:

"Finds that Grace R. Robbins is a creditor of the above estate and that on or about the 3rd day of April, 1942, she duly presented to Daisy Heitschmidt, Administratrix with the Will annexed of the above entitled estate, her claim in the sum of $505.00 as a balance due for board, room and laundry and care of said deceased duly verified by her oath in manner and form as provided by law; that said administratrix has had full knowledge of said claim from the 3rd day of April, 1942, but failed to

report or file same with the Court in her account herein filed; that said claim was offered and received in evidence and the same bears the endorsement of the administratrix to the effect that it was examined and rejected on the 27th day of August, 1942; that no account was herein filed by said administratrix except what was denominated as a 'final account'; that such account made no report or mention of the claim of the claimant and that the claimant had no knowledge of the filing of such account; that said claim or its rejection has not been adjudicated by the Court.

The Court Further Finds that an order was entered approving such account on November 5, 1943, but that said order did not constitute an order approving a 'final account' as the administratrix thereafter reopened such estate and petitioned the Court for an order for sale of personal property in further administration of the estate, which sale was subsequently approved by the order of the Court.

The Court Further Finds from the testimony independent of the testimony of the claimant, that the claimant for the months of November and December 1939 and for the entire year of 1940, a total of 14 months, rendered services and furnished board, room, laundry and care to deceased as a practical nurse on account of his sickness, and that the same were reasonably worth the sum of $50.00 per month or a total of $700.00, on account of which she has been paid the sum of $525.00 leaving a balance unpaid thereon in the sum of $175.00; and the Court further finds that the claimant for the entire 12 months of 1941, rendered increased services and furnished board, room, laundry and care to deceased as a practical nurse on account of his sickness, and that same were reasonably worth the sum of $65.00 per month or a total of $780.00 on account of which $450.00 has been paid leaving a balance due, owing and unpaid to claimant in the sum of $330.00; and

The Court Further Finds that the administratrix has assets in her hands applicable to the satisfaction of the aforesaid sums due to claimant and concludes that plaintiff is entitled to judgment according to the aforesaid findings;''

The question is thus presented whether the findings of the trial judge are inconsistent with or fail to support the judgment based thereon, which judgment is as follows:

''It is therefore Ordered, Adjudged and Decreed that the claim of Grace R. Robbins in the sum of $505.00 be, and the same is hereby allowed and approved, and that the said administratrix has assets in her hands applicable to the satisfaction of said claim, and that the said Grace R. Robbins have and recover of and from Daisy Heitschmidt, administratrix with the Will annexed of the above entitled estate, judgment for the said sum of $505.00 together with her costs and disbursements herein taxed in the sum of $----------------.

Dated this 4th day of November, 1943.

Ashby C. Dickson, Judge.''

■ We are of the opinion that his findings support the trial court's conclusion that the claim in suit should be allowed and the order of allowance and judgment based thereon.

We are not unmindful that claimant's attorney prepared a second statement of her claim that was duly verified by claimant and presented to the administratrix on or about the 11th day of January, 1943, which date was subsequent to the order of the trial court approving the administratrix' purported final account and subsequent also to the order of the trial court approving the sale of certain personal property and ordering distribution of the assets of the estate to be

made by the administratrix; but there is nothing inconsistent with the first statement in the second, the difference between the two being that although belatedly presented, the latter statement is not crude either in orthography, typography, expression or otherwise.

From the court's order, it is apparent that the court disregarded the second statement of claim and we find nothing in the record indicating that claimant or her counsel sought to have it considered.

The order of the circuit court is affirmed.