Argued September 8; affirmed October 4, 1949

# ST. CLAIR *v.* JELINEK ET UX.
### 210 P. 2d 563

*A. C. Raven,* of Portland, argued the cause and filed a brief for appellants.

*William J. Crawford,* of Portland, argued the cause and filed a brief for respondent.

Before BRAND, Acting Chief Justice, and BAILEY, HAY and PAGE, Justices.

BRAND, A. C. J.

This is an action at law for damages to plaintiff's automobile because of the alleged negligence of defend-

ants in causing a tree to fall upon it. After issue joined the case was first tried in the District Court where judgment was rendered against the defendant Gugat but for the defendants Jelinek. Thereafter the case was tried de novo by the Circuit Court without a jury, both parties having consented thereto. Judgment went for the plaintiff and against the defendants Jelinek in the sum of $342.22 and costs and they appealed.

The case comes to this court in the following condition: The abstract of record sets forth the complaint, answer and reply, the findings of fact and conclusions of law as proposed by the plaintiff and as adopted by the circuit court, the objections of the defendant to the findings and conclusions as proposed and adopted and the judgment of the circuit court. No bill of exceptions has been tendered or filed. By reason of that fact this court allowed a motion of the plaintiff to strike the testimony which, unauthenticated by any certification of the trial judge had been filed here. The defendants, in their brief, make three assignments of error: (1) That the complaint fails to state a cause of action against the defendants; (2) that "The pleadings do not support the findings of fact and conclusions of law and they in turn do not support the judgment."; (3) that the findings of fact and conclusions of law "are so vague, uncertain, indefinite and ambiguous that they are insufficient to support the judgment." The plaintiff in his brief asserts: (1) That the pleadings are sufficient to support the judgment; (2) that there being no bill of exceptions the only question on appeal is the sufficiency of the pleadings. Specifically, the plaintiff contends that O. C. L. A., Section 6-901 defines the contents of a judgment roll and that there

is no authority for the inclusion therein of any findings of fact or conclusions of law by the trial judge and and that upon authorities cited such findings and conclusions are not before us for consideration. Our first duty is to determine what issues are before this court. Since it is admitted that the sufficiency of the pleadings to support the judgment must be determined, it remains only to determine whether we are at liberty to examine findings of fact and conclusions of law and the issues raised by the defendants concerning their sufficiency. We will first consider the authorities cited by the plaintiff in support of his contention that the only question on appeal is the sufficiency of the pleadings. A recent decision of this court reviews the decisions concerning the extent of our. jurisdiction on appeal in the absence of a bill of exceptions. The case was tried by a jury and the verdict of the jury was set forth in the judgment of the court. There was no bill of exceptions and this court found itself without jurisdiction to consider certain alleged errors at the trial or to consider whether the court erred in denying a motion for a new trial. The court said:

"It is seen from that sentence that in order to bring before this court for consideration a purported irregularity not shown by the normal record, the challenged order, ruling or other breach of judicial duty must be reduced to written form and incorporated in a bill of exceptions bearing the signature of the judge of the trial court. The requirement that the bill of exceptions must bear the authenticating signature of the judge is of vital importance." Tellkamp v. McIlvaine, 184 Or. 474, 199 P. 2d 246.

The court continued:

"* * * Numerous decisions of this court indicate that an appellant who fails to avail himself of

a bill of exceptions is limited in assigning error to matters disclosed by the pleadings."

In *Harper v. Wilson,* 47 Or. Adv. Sh. 559, 200 P. 2d 600, the plaintiff appealed from an order which quashed the service of a summons. In the absence of a bill of exceptions it was held that this court would not consider affidavits which had been included in the judgment roll. This court repeated the ruling of *Tellkamp v. McIlvaine* to the effect that in the absence of a bill of exceptions the review of a judgment or final order entered in an action at law can go no further than the pleadings.

Other cases cited by the plaintiff upon this point are: *Oregonian Railway Co. v. Wright,* 10 Or. 162; *Mitchell v. Powers,* 16 Or. 487, 19 P. 647; *Farrell v. Oregon Gold Co.,* 31 Or. 463, 49 P. 876; *Multnomah Lumber Co. v. Weston Basket Co.,* 54 Or. 22, 99 P. 1046, 102 P. 1; *Sit You Gune v. Hurd,* 61 Or. 182, 120 P. 737, 1135; *Shaughnessy v. Kimball,* 106 Or. 484, 212 P. 483; *Derby v Newton,* 142 Or. 427, 20 P. 2d 439; *Wallowa Land Co. v. McGaffee,* 160 Or. 298, 84 P. 2d 1116; *Williams v. Ragan,* 174 Or. 328, 143 P. 2d 209. In three of the cases there had been a jury trial and the judgments themselves would of course disclose the verdict. The effect to be given to findings of fact made by the trial judge in the absence of a jury was not involved or discussed. In *Farrell v. Oregon Gold Co.,* and *Multnomah Lumber Co. v. Weston Basket Co.,* supra, the ruling was to the effect that affidavits filed on the question of jurisdiction could not be considered unless incorporated in a bill of exceptions. In *Mitchell v. Powers,* supra, the court said:

"* * * No papers should be included in the transcript in any case, except such as constitute

the judgment. roll or final record, or which have been made a record by being incorporated into a bill of exceptions. * * *''

But that case involved a ''batch of papers'' brought here and filed as a transcript, but not certified as a bill of exceptions. The only case which somewhat resembles the one at bar is *Derby v. Newton,* supra. That case, like the one at bar, was tried by the court without a jury. The court said:

''The only question presented, due to the failure to file a bill of exceptions, is whether or not the plaintiff's pleadings are sufficient to sustain the judgment. According to the abstract of record, findings of fact in conformance with the allegations of the complaint were made by the trial judge, and filed, but they have not been brought to this court.''

■■ There is nothing in the opinion which indicates that the court would refuse to consider the findings of fact in a law action tried by the court without a jury if they had been properly brought into the record. It is apparent that wherever this court has said that an appellant who fails to present a bill of exceptions is limited in assigning error to matters disclosed by the pleadings, the ruling has been correct as applied to the facts in the particular cases but none of the cases cited have expressed any opinion as to the right of this court to consider whether the findings of fact support the judgment when they are made in a law action by the court without a jury. It may be conceded that findings of fact, when so made, are not in a proper sense pleadings. O. C. L. A., Section 1-702. But that does not dispose of the question. O. C. L. A., Section 10-807 provides that the appellant shall file a transcript ''which shall consist of a copy of the judgment

or decree appealed from, of the notice of appeal, with proof of service thereof, and of the undertaking on appeal, with proof of service thereof and copy of all orders extending time for filing the transcript, all duly certified by the clerk of the county from which the appeal is taken, and such other papers as shall be required by the rules of the supreme court". The rules of the Supreme Court concerning the contents of abstracts of record provide that the abstract shall set forth, among other matters, a statement concerning the verdict of the jury, and the rules continue: "If the cause was tried by the court, the findings should be set out in like manner." Rule 9. Surely it was not the intention of the rule to require findings of fact to be set forth in the abstract and then to prohibit the court from examining them. A copy of the judgment constitutes a necessary part of the transcript on appeal in every case. When a judgment is based upon the verdict of a jury it states either in general terms or specifically what that verdict was. When law actions are tried by the court without a jury the findings of fact are deemed a verdict. O. C. L.-A.; Section 5-503. In such case we see no objection to the inclusion of the findings of fact in the transcript and they must certainly be included in the printed abstract.

■ Numerous cases support the rule that where a law action is tried by the court without a jury and no bill of exceptions is presented on appeal, the court will consider the sufficiency of the pleadings and also will determine whether the findings of fact support the judgment. *Noland v. Bull,* 24 Or. 479, 33 P. 983; *Allen v. Leavens,* 26 Or. 164, 37 P. 488, 26 L. R. A. 620; *Richardson v. Dunlap,* 26 Or. 270, 38 P. 1; *Astoria v. Zindorf,* 96 Or. 332, 189 P. 884; *Yates v. Bjorkman,*

142 Or. 119, 19 P. 2d 405; *Hart v. State Industrial Accident Commission,* 148 Or. 692, 38 P. 2d 698; *Robbins v. Heitschmidt,* 175 Or. 153, 151 P. 2d 730.

■ ■ We will next consider the sufficiency of the complaint. It alleges plaintiff's ownership of the car which was parked on the highway adjacent to the real property of the defendants Jelinek, and that:

"III

"* * * while being so lawfully parked on said highway, defendant Gugat, a servant, employee and agent of defendants Jelinek, carelessly, negligently and recklessly fell a large tree, which was then and there growing on the said property of defendants Jelinek, across and top of the automobile of plaintiff, causing damages to plaintiff's automobile as hereinafter more particularly set forth.

"IV.

"That the felling of said tree was under the exclusive care and control of said defendants.

"V.

"That as a direct and proximate result of the negligence and carelessness of defendants, as aforesaid, plaintiff's automobile was badly broken, bent and twisted, necessitating reasonable repairs to the same in the sum of $342.22."

No motion or demurrer was filed against the complaint, but upon this appeal, for the first time, they claim that the complaint is fatally defective. There being no bill of exceptions the record of necessity fails to show that there was any objection made to the receipt of evidence concerning the relationship of the workmen Gugat to the defendants Jelinek. The complaint is not a model of the legal draftsman's art. It is defective in that it fails directly to state that Gugat

was at the time acting as authorized agent or servant or that his negligent act was done in the course and within the scope of his employment by the Jelineks. We think, however, that in the absence of any motion or demurrer and after trial and judgment, the complaint should be upheld. From it we can spell out an assertion that Gugat was the servant or agent of the defendants; that he was working on their land under their exclusive care and control, and that the *defendants* proximately caused the injury to the plaintiff's automobile. The briefs of the parties indicate that no one was misled as to the real issue involved. The District Court had found in favor of the plaintiff and against Gugat only and the entire appeal to the circuit court was based upon the plaintiff's contention that the defendants Jelinek were liable because of the action of Gugat. The finding of fact which is deemed a verdict cures all formal defects in the complaint. *Ferguson v. Reiger,* 43 Or. 505, 73 P. 1040.

██ We next consider whether the pleadings support the findings of fact and whether they in turn support the verdict. The findings contain the substance of the allegations of the complaint to which we have referred, with certain additions. The court found that "said tree *felled by defendants* was situated * * * ". These findings are supported by the complaint and support the judgment. The court made an additional finding as follows:

> "That defendant Gugat agreed to fell and saw into wood said tree, among others then and there growing upon said property of defendants Jelinek and remove the same from the property and pile the waste limbs and brush and as compensation therefore receive the wood contained in said trees; and that defendants Jelinek would receive the

benefit of having said property cleared of trees and the wood piled and arranged suitable for burning, and that in the undertaking herein, defendants were acting in a joint venture."

We do not consider this finding to be so inconsistent with the others as to require reversal. In any event, under the ruling of *Larsen v. Martin,* 172 Or. 605, 143 P. 2d 239, findings outside of the material issues are a nullity and it is also held in that case that:

"Where special findings of fact were so ambiguous that it was impossible to ascertain basis of trial court's decision, case would be remanded with instructions to trial judge to make and enter new findings which, if special, should be responsive to all material issues." Syl. 12.

We deem it unnecessary to remand the cause, even for the purpose of clarifying the court's findings, since the material issues were covered as fully in the findings as they were in the complaint. The judgment is affirmed.