Argued February 21, affirmed March 5, 1952

SECHER *v.* McCALEB and STEGERWALD

241 P. 2d 454

*R. F. Hollister,* of Portland, argued the cause for appellant. On the briefs were Hollister & Hollister.

*Karl T. Huston,* of Corvallis, argued the cause for respondent, Melvin H. McCaleb. On the brief were Oehler & Huston, of Corvallis, and Weatherford & Thompson, of Albany.

*Duane Vergeer,* of Portland, argued the cause for respondent, Clara Stegerwald. On the brief were Vergeer & Samuels.

Before Brand, Chief Justice, and Hay, Latourette, Warner and Tooze, Justices.

WARNER, J.

This appeal by the plaintiff Mary Secher is incident to an action for the recovery of damages for injuries incurred in an automobile accident.

From the judgment roll we learn that some time before trial the appellant moved to strike certain parts of the answer of the defendant McCaleb. The motion was heard by The Honorable Fred McHenry, a circuit judge for the 21st Judicial District. On March 8, 1950, he made an order allowing the motion in part but with no direction that defendant file an amended answer omitting the stricken matter. On October 23, 1950, the case came on for trial before The Honorable Victor Olliver, another judge of the same district, and resulted in a verdict in favor of the defendants and against the plaintiff.

The following information comes to us, not from the record here but from statements found in appellant's brief:

"* * * after the Jury had been duly impanelled and sworn to try the case and taken out to view the premises where the accident took place, but before any testimony had been taken and before any exhibits had been introduced, the Appellant requested permission of the trial court to take up certain matters pertaining to the pleadings and which the trial Judge said would be taken up in chambers * * *.

"After adjourning to chambers, Appellant made an oral Motion requesting that that portion of Respondent McCaleb's Answer which had been striken [sic] by Judge McHenry's Order of March 8th, 1950 be entirely obliterated therefrom * * *.

"Following the argument of counsel on the Motion to obliterate the stricken matter from Mc-Caleb's Answer the trial Judge, by verbal Order, set aside the previous Order of Judge McHenry of March 8th, 1950 and also disallowed and over-ruled Appellant's Motion to strike, argued before Judge McHenry and allowed by him in part * * *. To this unusual proceeding the Appellant objected and an exception was allowed * * *."

We return to the judgment roll again and find that on January 31, 1951, appellant filed a motion requesting the trial judge to enter an order nunc pro tunc as of October 23, 1950, reflecting his alleged oral order of that date wherein, as we are told by appellant's brief, he overruled the earlier order of Judge Mc-Henry, made on March 8, 1950. From the court's order of February 6, 1951, denying appellant's motion, the plaintiff appeals alleging as errors (1) the action of the court in setting aside Judge McHenry's order of March 8, 1950, and (2) the action of the court in denying appellant's motion for a nunc pro tunc order.

■ The appellant has filed no bill of exceptions, and it is evident that in the absence of this part of the record, so essential for appellant's present purpose, she seeks to accomplish indirectly that which the law requires to be done directly. That is to say, by her motion for the order nunc pro tunc with its recitals of what transpired before Judge McHenry on October 23, 1950, she is attempting to get before this court that which only the bill of exceptions can properly and officially disclose for our information and guidance. Neither the representations of appellant above quoted from her brief nor the recitals of the same tenor found in her motion of January 31, 1951 (and we have no occasion or disposition to challenge their verity) can be accepted as a substitute for a properly authenti-

cated bill of exceptions nor can they thereby acquire a status which permits us to give them judicial cognizance in this matter.

■ The procedure before which appellant must bend has been long and well established. See *Tellkamp v. McIlvaine,* 184 Or 474, 199 P2d 246, where we said at page 481:

"* * * this court, in determining whether or not a judgment is reversible, will not go beyond the record. The latter consists of the judgment roll. Normally, the contents of the judgment roll are the summons, proof of service, the pleadings and the judgment. In order to import into the judgment roll other rulings, orders and purported irregularities, a bill of exceptions must be employed. It is the means provided by law for sweeping into the judgment roll matters dehors the record which are dependent for their authenticity upon the signature of the trial court or the procedure delineated in § 5-702, O.C.L.A. Numerous decisions of this court indicate that an appellant who fails to avail himself of a bill of exceptions is limited in assigning error to matters disclosed by the pleadings. * * *"

Also see *Edvalson v. Swick,* 190 Or 473, 481, 227 P2d 183; *St. Clair v. Jelinek et ux.,* 187 Or 151, 210 P2d 563; *Harper v. Wilson,* 185 Or 23, 25, 200 P2d 600; *Wallowa Land Co. v. McGaffee,* 160 Or 298, 84 P2d 1116.

AFFIRMED.