# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

## JULY TERM, 1879.

THE SINGER MANUFACTURING COMPANY, RE-
SPONDENTS, *v.* W. K. GRAHAM ET AL., APPELLANTS.

BILL OF EXCEPTIONS—JUDGE MUST SIGN.—A statement containing the tes-
timony given and the rulings of the circuit court excepted to on the trial,
although certified to be correct by the attorneys of both parties, does
not become a bill of exceptions unless signed by the judge, and can not
be considered as such on an appeal to the supreme court.

FOREIGN CORPORATION—APPOINTMENT OF ATTORNEYS—CORPORATIONS NOT
NAMED IN TITLE OF ACT.—The act of the legislative assembly entitled,
"An act to regulate and tax foreign insurance, banking, express and ex-
change corporations or associations doing business in the state," cannot,
under section 20 of article 4 of the constitution, be construed to contain
any provision in relation to any foreign corporation other than those
expressly specified in the title of the act.

SALE, WHAT DOES NOT CONSTITUTE—MONTHLY PAYMENTS.—Where the owner
of an article of personal property, under an agreement in writing, deliv-
ered the same to another person to be used by him at the stipulated price
or hire of ten dollars per month, to be paid monthly until the sum of
sixty-five dollars should be paid, when the title to the same was to be-
come vested in the person paying the money, the agreement did not
constitute a sale. Under such agreement the title did not pass to the
party receiving the property, and a sale of it by him to a *bona fide* pur-
chaser conveyed no title.

APPEAL from Linn County. The facts are stated in the
opinion.

*Weatherford & Blackburn, N. B. Humphrey, and W. G.
Piper*, for appellants.

*Conley & Hewitt and Dolph, Bronaugh, Dolph & Simon,*
for respondents.

2

By the Court, KELLY, C. J.:

This action was brought in a justice's court to recover the value of a sewing machine alleged to be the property of the respondent, and alleged to be wrongfully detained by the appellants and converted to their own use. Judgment was there rendered in favor of the respondent, from which an appeal was taken to the circuit court, and upon trial that court rendered a judgment also in favor of the respondent. The case comes here without any bill of exceptions signed by the judge who tried the cause. There is, it is true, a statement of the case certified to be correct by the attorneys of the respective parties, which would have been sufficient under section 526, page 211, of the civil code, as it existed prior to the amendment of that section by the act approved October 28, 1874. (Session laws of 1874, p. 96.) As amended, this statement is not a part of the judgment roll, and cannot therefore be included in the transcript of the cause required by section 531 of the civil code to be filed in this court. This statement is not properly a part of the record, as it was not signed by the judge of the court below, and consequently we cannot examine any of the alleged errors specified therein. We can only consider the objection raised by the demurrer to the complaint, that it does not state facts sufficient to constitute a cause of action.

The complaint is in substance as follows: That the said plaintiff is a corporation formed under the laws of New York and New Jersey, and doing business in this state as a corporation. That on or about the eleventh day of June, 1878, in the county clerk's office of the county of Multnomah, the said corporation filed a power of attorney appointing one Willis B. Fry, who is a citizen of the United States, and a citizen and resident of the state of Oregon, its legal attorney in fact, etc. That on or about the fifteenth day of July, 1878, said plaintiff was the owner and entitled to the possession of one Singer sewing machine valued at sixty-five dollars; that on said fifteenth day of July, 1878, the said plaintiff gave one of the said defendants, to wit, Frank Morgan, the possession of said sewing machine, upon the terms and in accordance

with the conditions and agreements expressed in a contract of which the following is a copy, to wit:

"Harrisburg, Oregon, July 15, 1878.

"Received from the Singer Manufacturing Co., corner First and Yamhill streets, Portland, Oregon, one new No. 4 medium sewing machine, No. 1,937,680, value, sixty-five dollars ($65 00) U. S. coin, on hire at ten dollars ($10) U. S. coin, per month, payments to be made monthly in advance. I hereby agree not to remove the machine from my residence, situate in or near Harrisburg, Linn county, Oregon, without the consent of the Singer Manufacturing Company. And I also agree to pay the monthly installments punctually; or, failing in either of the above, I agree to relinquish all claims on the above machine, and to return it, or cause it to be returned, to the Singer Manufacturing Co., at my own expense; and if I sell, loan, or otherwise dispose of the above machine, I hold myself liable to the full penalty of the law.

(Signed name in full.)

"Frank Morgan.

"Note.—When $65 U. S. coin, the value of this machine, has been paid, the machine with this contract shall belong to Frank Morgan. For a valuable consideration, received from the Singer Manufacturing Co., I hereby guaranty the faithful performance of the within contract made this day by ———.

"Dated this 15th day of July, 1878.

"Jno. A. Brown, Agent."

That said Morgan paid the company in all twenty-five dollars; that he has failed to perform the conditions of his contract; that said Frank Morgan, on or about the second day of January, 1879, for the purpose and with the intent to defraud this plaintiff, gave the possession of said machine to the said defendants, W. R. Graham and Richard Graham, and that said defendants, W. R. Graham and Richard Graham, well knew the conditions of said contract with the defendant Frank Morgan, and that they took the same for the purpose

of defrauding this plaintiff. That the said defendants have wrongfully and willfully converted said property to their own use, to the damage of this plaintiff in the sum of sixty-five dollars. That on or about the —— day of January, 1879, the plaintiff demanded of said defendants that they return to him the possession of said sewing machine, but they refused, and still refuse, to give up the possession of said property.

Wherefore plaintiff demands judgment, etc.

To this complaint the respondent demurred, upon the following grounds:

1. The court has no jurisdiction of the persons of these defendants, or the subject matter of the action.

2. The plaintiff has no legal capacity to sue.

3. There is a defect of parties defendant.

4. The complaint does not state facts sufficient to constitute a cause of action against the defendants.

5. The contract set forth in the complaint is contrary to the policy of the law, and void as to these defendants.

The first and third causes of demurrer do not require any consideration. There is nothing in them. Under the second ground specified in the demurrer, it is claimed by the appellant that the respondent had no legal capacity to maintain this action, because it is a foreign corporation, and therefore could not lawfully transact any business in this state until it had executed a power of attorney and caused the same to be recorded, as required by sections seven and eight of chapter twenty-four of the miscellaneous laws of Oregon, page 617.

On the part of the respondent, it is claimed that the provisions of those sections do not apply to the Singer manufacturing company, because it is neither an insurance, banking, nor express and exchange corporation or association. Section twenty of article four of the constitution declares that, "Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title." On October 21, 1864, the legislative

assembly passed an act containing the two sections before referred to, entitled, "An act to regulate and tax foreign insurance, banking, express, and exchange corporations or associations doing business in the state." As was stated by this court in *Simpson* v. *Bailey*, 3 Or. 515, the constitutional provision above quoted was evidently "to prevent matters wholly foreign and disconnected from the subject expressed in the title from being inserted in the body of the act." In the ordinary course of legislation, it is impossible for every member of the legislative body to have the same information, or the same means of knowing what is contained in the bill, as the member who frames or the committee that considers it, and they have a right, therefore, to rely on the supposition that there is nothing contained in the body of the bill except what is expressed in the title, or such matters as are properly connected therewith. It was intended by the framers of the constitution to be a proper restraint upon inconsiderate or unsuitable legislation, that this provision was inserted in that instrument; and it should not be frittered away or disregarded either by the legislative or the judicial department of the government. And inasmuch as the title of the act referred to purports to regulate and tax "foreign *insurance, banking, express, and exchange* corporations or associations," the provisions of sections seven and eight of chapter twenty-fourth of the miscellaneous laws, p. 617, should be restricted to them alone, and should not be construed so as to include foreign corporations engaged in other enterprises within this state. The same construction was placed upon those sections by the United States circuit court for the district of Oregon in a well considered case. (*Oregon and Washington Trust Investment Co.* v. *Rathburn,* 5 Sawyer.)

As it does not appear from the pleadings in this case that the respondent was a foreign corporation doing business within the state as an *insurance, banking, express, or exchange* corporation or association, it does not come within the purview of the decision of this court in the case of *The Bank of British Columbia* v. *Page,* 6 Or. 431, and we hold that it had a right to bring and maintain this action. It is also

contended on the part of the appellant that there was a sale and delivery of the sewing machine to the defendant, Morgan, and that the title to it became vested in him, and he had a right to sell it to them discharged from any lien for the balance of the purchase-money due to respondent, and that it is against public policy for the vendor of a chattel to retain a secret lien for the purchase price of it. In this case we must take the contract to be as it is set forth in the complaint. The demurrer admits it to be correct and true.

By the terms of the agreement, the sewing machine was to continue to be the property of the respondent, and was merely hired to Morgan for ten dollars per month, payable monthly, with the right of respondent to have it returned in case of a failure to pay the monthly installments as they became due. It was further agreed that whenever the sum of sixty-five dollars should be paid in this way, the machine should then become the property of Morgan. There is no doubt it was the intention of both parties to the contract that the title to the sewing machine was to remain in the respondent until sixty-five dollars should be paid, and then, and not before, it was to become the property of Morgan. It was only a conditional sale, accompanied by the possession, which Morgan was permitted to retain until the condition was broken. Under these circumstances, he had no right to sell the property, and the appellants, although *bona fide* purchasers, acquired no better title than Morgan had. This is too well settled now to admit of any doubt. (*Ballard* v. *Bargett*, 40 N. Y. 314; 79 Penn. Stats. 488; 98 Mass. 149; *Kohler* v. *Hayes*, 41 Cal. 455; Benjamin on Sales, sec. 320, and note *d.*) The complaint contains a sufficient allegation that the respondent demanded the return of the property by appellants, and that they refused to return it, but converted it to their own use.

The judgment of the court below is affirmed.