Decided at PENDLETON, July 18, 1896.

## KIMERY v. TAYLOR.

[45 Pac. 771.]

1. BILL OF EXCEPTIONS — CODE, § 233 — STIPULATION.— Exceptions taken during a trial cannot be considered by the supreme court until and unless they are put into the form of a bill of exceptions as provided by section 233 of Hill's Code, and a stipulation of facts by the parties will not take the place of a bill of exceptions: *Umatilla Irrigation Company* v. *Barnhart*, 22 Or. 389, cited and approved.

2. PRACTICE IN SUPREME COURT — STENOGRAPHIC NOTES.— The original stenographic evidence cannot be considered on appeal unless certified to by the judge: *Singer Manufacturing Company* v. *Graham*, 8 Or. 17, cited.

3. PRACTICE ON APPEAL.— To enable the supreme court to consider an appeal in a law action there must be a proper notice of appeal to point out the disputed questions, and a bill of exceptions made up and settled as provided by the statute (Hill's Code, § 233,) in which shall appear the various exceptions with sufficient testimony to explain them; no stipulation or agreement of the parties can take the place of these requirements.

From Umatilla: ROBERT EAKIN, Judge.

This is an action by W. H. Kimery against D. W. Taylor to recover the possession of nineteen horses, of the alleged value of nine hundred and forty dollars. The issues having been joined, the cause was by agreement of the parties tried by the court, which, having made and filed a statement of its findings of fact and law, gave judgment thereon in favor of the plaintiff for the possession of the property, or, if that could not be had, for five hundred dollars, the actual value thereof, from which the defendant appeals. AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John J. Balleray.*

For respondents there was a brief and an oral argument by *Messrs. R. Marvin Turner* and *Thomas G. Hailey.*

PER CURIAM. 1. The transcript contains no bill of exceptions, but the parties have stipulated that the only issue involved is whether the defendant at the time the action was commenced had possession of the horses, and it is agreed that this question may be submitted upon the original evidence as taken and reported at the trial by the stenographer. The question sought to be reviewed involves certain exceptions claimed to have been taken and allowed to the admission of evidence, but these exceptions cannot become a part of the record of the cause until settled, allowed, and signed by the judge, and filed with the clerk: Hill's Code, § 233. The stipulation of facts by the parties cannot take the place of a bill of exceptions: *Umatilla Irrigation Company* v. *Barnhart*, 22 Or. 389 (30 Pac. 37).

2. Nor can the original evidence as taken and reported by the official stenographer, in the absence of a certificate from the trial judge, be considered or reviewed on appeal: *Singer Manufacturing Company* v. *Graham*, 8 Or. 17.

3. In an action at law the assignment of alleged errors contained in the notice of appeal is the pleading, and the bill of exceptions is the proof by which the judgment of a trial court is reviewed on appeal, and without such proof we are confined to an examination of such errors as may appear

from an inspection of the record. The record discloses that the court passed upon all the material issues involved in the pleadings, and made its statement of the facts found as broad as the allegations of the complaint; that its statement of the law is deducible from the facts so found, and hence the findings support the judgment which is affirmed.

. Affirmed.

Decided July 27, 1896; rehearing denied.