Submitted on briefs without argument September 2, decided September 16, 1913.

## LEWIS *v.* CLARK.

(134 Pac. 1194.)

**Appeal and Error—Review—Findings by Trial Court—Action at Law.**

1. In actions at law the findings of the trial court can be set aside only in the same manner and for the same reasons that the verdict of a jury may be set aside.

**Appeal and Error—Questions Presented for Review—Findings by Trial Court.**

2. Where there is no bill of exceptions containing the evidence given on the trial by the court, the Supreme Court can consider only whether the findings are sufficient to support the judgment.

**Appeal and Error—Bill of Exceptions—Substitutes—Stipulation by Attorneys.**

3. A statement of the testimony and of the rulings of the court on a trial which the attorneys stipulate to be correct cannot be considered on appeal.

**Appeal and Error—Necessity of Bill of Exceptions—Evidence.**

4. In a law case the evidence cannot be considered unless it is incorporated into a bill of exceptions.

**Sales—Action for Price—Findings of Fact—Sufficiency.**

5. In an action against two persons alleged to be partners for goods sold and delivered, findings by the trial court that the plaintiff sold the goods to one of the defendants, who agreed to pay for them, and that the relation between the parties was not that of a partnership but that of debtor and creditor, are sufficient to warrant a judgment in favor of the defendant who did not buy the goods.

From Klamath: HENRY L. BENSON, Judge.

Department 1.   Statement by MR. JUSTICE RAMSEY.

This is an action at law by A. G. Lewis, doing business under the firm name of "The Monarch Grocery" against George C. Clark and Dr. J. E. Stauffer, partners in business under the firm name and style of George C. Clark and Dr. J. E. Stauffer, to recover from the defendants, as partners, the sum of $879.69, alleged to be due the plaintiff for goods, wares and

merchandise which the plaintiff claims that he sold to the defendants. The complaint is in the form of an implied count in *assumpsit* for goods sold.

The defendants filed separate answers. The answer of Dr. J. E. Stauffer denies every allegation of the complaint excepting paragraph 1, and that part of paragraph 4 which alleges that the defendants had not paid any part of said $879.69, for which the action was brought. In accordance with a stipulation of the parties, this action was tried by the court, without a jury, and findings and a judgment were rendered against the defendant George C. Clark for said sum of $879.69, and interest and for costs, and findings and a judgment were rendered for the defendant Dr. J. E. Stauffer and against the plaintiff for costs and disbursements. The plaintiff appealed from the judgment in favor of the defendant Dr. J. E. Stauffer, and assigns various errors in the findings of the court. Submitted on briefs without oral argument under the proviso of Rule 18 of the Supreme Court: 56 Or. 622 (117 Pac. xi).                          Affirmed.

For appellant there was a brief over the name of *Mr. W. H. Shaw.*

For respondent there was a brief over the name of *Merryman & Duncan.*

Mr. Justice Ramsey delivered the opinion of the court.

This action was tried by the court without a jury, and the court made and filed its findings of fact and conclusions of law. Assignments of error from 1 to 4, both inclusive, assert that the court erred in its findings of fact, and assignments 5 to 7 contend that the court erred in its conclusions of law. There is no bill of

exceptions in the record. What purports to be a deposition of the defendant Dr. J. E. Stauffer is among the papers on file. But evidently there must have been much other evidence, as there is nothing in this deposition to prove that the plaintiff sold any goods to anyone.

1. In actions at law, the findings of the trial court stand as the verdict of a jury, and can be set aside in the same manner and for the same reasons that the verdict of a jury may be set aside, and a new trial granted: Section 159, L. O. L.; *Flegal* v. *Koss,* 47 Or. 370 (83 Pac. 847); *Kyle* v. *Rippy,* 19 Or. 186 (25 Pac. 141); *Drainage District No. 4* v. *Crow,* 20 Or. 536 (26 Pac. 845); *Hughes* v. *Holman,* 23 Or. 485 (32 Pac. 298).

2. There being no bill of exception containing the evidence given on the trial, this court can consider only whether the findings are sufficient to support the judgment: *Miller* v. *Head Camp,* 45 Or. 192 (77 Pac. 83); *Drainage District No. 4* v. *Crow,* 20 Or. 536 (26 Pac. 845); *Allen* v. *Leavens,* 26 Or. 167 (37 Pac. 488, 46 Am. St. Rep. 613, 26 L. R. A. 620). In *Drainage District No. 4* v. *Crow, supra,* Justice STRAHAN says: "There is no bill of exceptions in this case, and therefore the main questions argued upon the trial we are not permitted to examine because the same are not presented by the record. The only question that is presented by the judgment-roll is the sufficiency of the findings of fact to support the judgment." In *Miller* v. *Head Camp, supra,* Chief Justice MOORE says: "There being no bill of exceptions, the *only* question involved is whether the findings of fact support the judgment."

3. A statement of the testimony and of the rulings of the court on a trial, which the attorneys in the case stipulate to be correct, cannot be considered on appeal: *Singer Mfg. Co.* v. *Graham,* 8 Or. 17 (34 Am. Rep.

572); *Umatilla Irr. Co.* v. *Barnhart,* 22 Or. 390 (30 Pac. 37); *Kimery* v. *Taylor,* 29 Or. 234 (45 Pac. 771).

4. In a law case, the evidence given in the court below cannot be considered in this court, unless it is incorporated into a bill of exceptions and the bill is signed by the trial judge.

5. The court below found that the plaintiff sold and delivered to the defendant Clark goods of the value of $879.69, and that the defendant Clark promised and agreed to pay for said goods said sum, and that no part of said sum had been paid. The court found, also, that the defendant Dr. Stauffer did not purchase any part of said goods, and that he never promised to pay for them, and that the relation between George C. Clark and Dr. J. E. Stauffer was not that of a partnership, but that of debtor and creditor. As conclusions of law, the court found that the plaintiff was entitled to a judgment against the defendant George C. Clark for $879.69, with interest thereon at 6 per cent per annum from February 25, 1911, and costs and disbursements. The court found, also, as a conclusion of law, that the defendant Dr. J. E. Stauffer was entitled to a judgment against the plaintiff dismissing the complaint and for his costs and disbursements incurred in said action. The findings of the court fully support the judgment appealed from. There being no bill of exceptions in the record, we are unable to consider any other question.

The record discloses no error, and the judgment of the court below is affirmed.     AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BURNETT concur.