Motion to dismiss appeal denied November 29, 1932;
argued March 21; affirmed April 4, 1933

# DERBY *v.* NEWTON ET AL.

(20 P. (2d) 439)

*Guy O. Smith,* of Salem (Carl T. Pope, of Salem, on the brief), for appellants.

*Ross Farnham,* of Bend, for appellant, C. L. McCauley.

*Robin Day,* of Salem, for respondent.

BAILEY, J.  This is an action by plaintiff against defendants W. L. Newton and C. L. McCauley to recover damages for alleged conversion of an automobile. The case was tried before a court without a jury, and from a judgment in favor of the plaintiff the defendants prosecute this appeal.

The only question presented, due to the failure to file a bill of exceptions, is whether or not the plaintiff's pleadings are sufficient to sustain the judgment. According to the abstract of record, findings of fact in conformance with the allegations of the complaint were made by the trial judge, and filed, but they have not been brought to this court.

The amended complaint, which was filed on January 22, 1930, alleges that on November 1, 1929, Bert Townsend and his wife, Violet Townsend, were adjudicated bankrupts, and that in the same month F. N. Derby was elected and appointed trustee in bankruptcy for them and qualified as such by taking the oath of office and giving the necessary bond. According to the averments of the amended complaint, the said Bert Townsend and Violet Townsend were, at the time

they filed their petitions to be declared bankrupts, the owners of the automobile involved in this litigation.

Paragraphs V, VI and VII of the amended complaint are as follows:

(V) "That during all the times herein mentioned and on the 1st day of November, 1929, the plaintiff was the owner, by virtue of said trusteeship, of and entitled to the possession of the following described personal property located in the city of Salem, Marion county, Oregon, to wit: One 1928 Gardner Eight Sedan, Type 95, Serial number G. U. A. 987 and Motor number 22879A.

(VI) "That on or about the — day of November, 1929, the defendants wrongfully and unlawfully took possession of said personal property and converted the same to their own use.

(VII) "That thereafter the plaintiff duly demanded of the defendants possession of said personal property, but the defendants wrongfully failed and refused to surrender possession of the same or any part thereof to the plaintiff".

It is then alleged that the automobile at the time of the conversion was worth the sum of $1,200 and that by the conversion thereof the plaintiff has been damaged in the sum of $1,200.

The answer admits the marital status of Bert and Violet Townsend, denied the rest of the amended complaint and sets forth three affirmative defenses. Paragraph I of defendants' first further and separate answer and defense alleges that during all times mentioned in the pleadings C. L. McCauley "was and now is the duly elected, qualified and acting sheriff of the county of Deschutes, state of Oregon". The third further and separate answer and defense is to the effect that F. N. Derby, plaintiff herein, did not within

ten days after his election as trustee file any bond or undertaking for the faithful performance of his duty as such trustee in bankruptcy and that no order had been made extending the time in which such bond or undertaking might be filed. Plaintiff admits the allegations of this defense.

The reply, after admitting that defendant McCauley was sheriff of Deschutes county, avers that during the early part of November, 1929, and while acting as such sheriff, McCauley took possession of the automobile involved herein by virtue of a writ of attachment issued out of the circuit court of Oregon for Marion county and directed to him as such sheriff, in a certain case then pending in Marion county; and that thereafter and on or about November 14, 1929, said sheriff was, by the attorneys representing the plaintiff in the case in which the writ of attachment had been issued, directed in writing to release said automobile from the attachment. It is then alleged in the reply "that the defendants herein, on or about the fourteenth day of November, 1929, took possession of said automobile and converted the same to their own use, as more fully set out in plaintiff's complaint".

It is maintained by the defendants on this appeal that since the reply admits that F. N. Derby did not file his undertaking as trustee in bankruptcy within ten days from his appointment as such trustee, and no order was granted extending the time within which to file such undertaking, he was not qualified as trustee to bring this action. It is not, however, alleged or claimed by the defendants that the plaintiff had not, within 15 days of his appointment, or prior to instituting this action, filed the necessary undertaking.

■ Subdivisions (b) and (k) of § 78, 11 U. S. C. A., relating to this subject, provide:

"(b) Trustees, before entering upon the performance of their official duties, and within ten days after their appointment, or within such further time, not to exceed five days, as the court may permit, shall respectively qualify by entering into bond to the United States, with such sureties as shall be approved by the courts, conditioned for the faithful performance of their official duties".

"(k) If any referee or trustee shall fail to give bond, as herein provided and within the time limited, he shall be deemed to have declined his appointment, and such failure shall create a vacancy in his office".

With reference to these requirements, the Circuit Court of Appeals for the Fourth Circuit, in *Sharfsin v. United States,* 265 Fed. 916, remarked:

"Although the trustee did not give bond, and although the statute provides that the office shall be vacant upon his failure to do so within ten days, he nevertheless remained the *de facto* trustee, charged with all the official duties of the position, and entitled to enforce all the rights of a trustee against the defendant. These rights and duties could only be ended by the judicial declaration of a vacancy. The principle has been too often decided to require discussion": Citing numerous cases decided by the United States Supreme Court.

The amended complaint alleges that the plaintiff duly qualified by filing his oath of office, and we must assume, in the absence of a bill of exceptions, that the evidence supported this allegation.

■ Upon his appointment, the title of the trustee relates back to the day of the adjudication, and since Townsend and his wife were adjudicated bankrupts on November 1, 1929, plaintiff was from that time for-

ward the owner of the automobile in question: 4 Remington on Bankruptcy (3d Ed.), § 1376; *First National Bank v. Wegener,* 94 Or. 318 (181 P. 990, 186 P. 41). The plaintiff, after his appointment and qualification as trustee, could sue for damages to the property of the bankrupt estate occurring after adjudication and both before and after his qualification as trustee: *Arnold v. Horrigan,* 238 Fed. 39; *Mueller v. Nugent,* 184 U. S. 1 (22 S. Ct. 269, 46 L. Ed. 405); *Goodnough v. Galloway,* 48 Or. 239 (84 P. 1049).

■ The defendants assert that the admissions and allegations in the reply prove conclusively that defendant McCauley lawfully had possession of the automobile by virtue of a writ of attachment. The reply admits that the writ of attachment was duly issued out of court and directed to the defendant McCauley as sheriff and that by virtue thereof he had taken possession of the car. McCauley contends that he could not be held liable in damages for the conversion of the automobile while performing his duty as sheriff pursuant to said writ. The fallacy of this argument is that the plaintiff does not contend that McCauley converted the automobile while in possession thereof pursuant to said writ. The reply further states that McCauley was directed in writing on or about November 14, 1929, to release said automobile from the attachment, and that on or about the same date the defendants "took possession of said automobile and converted the same to their own use". The allegations referred to concerning possession by the sheriff of the automobile under the writ of attachment during a certain period of the month of November, 1929, cannot be said to be contradictory of, or inconsistent with, the allegations of the amended complaint to the effect

that the defendants "did, on the — day of November, 1929, convert the said automobile to their own use". The presumption is that there was sufficient evidence to support the allegations of the amended complaint.

■ It is next asserted that the amended complaint fails to state facts sufficient to constitute a cause of action of trover. In the case of *Miller v. Hirschberg*, 27 Or. 522 (40 P. 506), Mr. Chief Justice BEAN, in referring to necessary allegations in an action of trover, said:

"The material averments in an action of this character are ownership and right to the possession in plaintiff, and that the defendant wrongfully took and converted the property in question to his own use, or that, being lawfully in possession thereof, he so converted it".

See also *Austin v. Vanderbilt*, 48 Or. 206 (85 P. 519, 6 L. R. A. (N. S.) 298, 120 Ann. St. Rep. 800, 10 Ann. Cas. 1123); *Hunt v. First National Bank of Halfway*, 102 Or. 398 (202 P. 564). The allegations of the amended complaint are sufficient to sustain the judgment.

■ A number of the assignments of error contained in appellants' brief question the sufficiency of the evidence as to ownership of the automobile and the demand made by the plaintiff on the defendants. Appellants also assign as error the refusal of the court to sustain their motion for a nonsuit. None of these assignments, however, can be considered on this appeal, due to the failure of appellants to file a bill of exceptions or to have the testimony certified by the trial judge. As we find no error, the judgment of the circuit court is affirmed.

RAND, C. J., BEAN and CAMPBELL, JJ., concur.