Argued October 14; affirmed October 20, 1936

## DICKSON ET AL. *v.* EMMERSON ET AL.

(61 P. (2d) 439)

*W. B. Yates* and *John F. Conway,* both of Portland, for appellants.

*A. W. Norblad, Jr.,* of Astoria (Norblad & Norblad, of Astoria, on brief), for respondents.

CAMPBELL, C. J. This is an action to recover for the reasonable value of services performed, materials furnished, and money expended in the partial performance of a contract.

Plaintiff Dickson filed an amended complaint which, in effect, alleges that he entered into a contract with defendants to haul about three million feet of logs from what is known as Clatsop Station to the Skipanon river for the agreed price of $2.50 per thousand, and that in order to do this hauling he was also required to construct a roadway about three-quarters of a mile in length over which to transport the said logs. After he had constructed the said roadway, he hauled 234,000 feet of logs after which he was ordered by the defendants to cease further performance of his contract. He further alleges that the hauling of said logs and the building of said roadway was reasonably worth the sum of $4,043.62, and that no part of the same has been paid except the sum of $874.87, and that there was still due and owing the sum of $3,168.75.

For a second cause of action he alleged that he entered into an agreement with defendants to further improve said roadway and that defendants agreed to pay one-third of the costs of said improvement; that under this agreement he expended the sum of $336.81, and defendants have refused to pay one-third of that sum, amounting to $112.27, and that the same is now due and owing to plaintiff.

On motion of defendants, Willamette Construction Co. was made a party plaintiff. Thereafter said Willamette Construction Co. filed a reply in which it disclaimed any interest in said contract, and we need give it no further consideration.

To this complaint, defendants filed their answer in which they admit the contract alleged in the complaint

in the first cause of action, and also admit that plaintiff entered into the performance thereof by building the roadway mentioned in plaintiff's complaint, but alleges that plaintiff hauled only 140,569 feet of logs and that he had been paid in full for the same. They also deny that they ordered plaintiff to discontinue the performance of said contract, and alleged that said plaintiff voluntarily discontinued the performance of said contract.

They filed an answer to the second cause of action which in effect admits that they entered into a contract with plaintiff for the further improvement of the road, allege that they were to pay only one-third of the costs of the hand labor employed to make such improvement, and allege that they paid the same. By way of counterclaim, defendants allege that they overpaid plaintiff for the part of the contract alleged to have been performed, in the sum of $831.80, for which they ask judgment.

The reply denied the affirmative allegations of the answer.

This, in substance, is what the pleadings show after being stripped of a great deal of useless verbiage.

The cause came on for trial before the court and a jury and a verdict was returned in favor of plaintiff in the sum of $2,000, without being segregated as to the causes of action.

Thereafter defendants moved for a judgment in their favor notwithstanding the verdict on the grounds that the complaint did not state facts sufficient to constitute a cause of action. This motion was denied, and the court's action thereon is assigned as error. Defendants then moved for a new trial on the following grounds:

"1. Insufficiency of the evidence to justify the verdict and that it is against and contrary to law.

"2. That the damages allowed by the jury were and are excessive, appearing to have been given under the influence of passion or prejudice.

"3. Error in law occurring at the trial and excepted to by these defendants."

This motion was denied and the court's action thereon is assigned as the defendants' second assignment of error. Defendants thereupon appealed to this court.

■■ There is no bill of exceptions, and no transcript of testimony so that the motion for a new trial is not before the court. This court has frequently held that where there is no bill of exceptions the only error that will be considered are those appearing on the face of the record presented: *Derby v. Newton,* 142 Or. 427 (20 P. (2d) 439).

Defendants' contention that their motion for a judgment, notwithstanding the verdict should have been granted, is based on the theory that the said contract alleged in the complaint, and admitted in the answer, was a severable contract and that the only compensation that plaintiff was entitled to recover was for the amount of logs actually transported, at the rate of $2.50 per thousand, and that the pleadings show that plaintiff admits payment of a greater sum than the contract price for the logs he did haul. This contention of defendants is untenable.

■ Defendants admit that the performance of the contract necessarily included the construction of the road. The costs of the construction of the road would necessarily be spread over the cost of hauling the three million feet of logs, and would not be charged to the amount of logs claimed to have been hauled. In considering a motion for a judgment on the pleadings after

verdict, we must assume that there was evidence to support the allegations of the complaint.

The plaintiff performed that part of the contract alleged in the complaint and was prevented from complete performance by defendants, and is entitled to recover the reasonable value of the work done which inured to the benefit of defendants, within the limits of the price of the total contract. Defendants admit that in order to perfom the contract and transport the logs it was necessary to construct a road. It is a well-settled principle of law that one can not accept the benefit of the labor and materials, used in the part performance of a contract, breach the contract and refuse to pay for the reasonable value of the said labor and materials.

"Where the plaintiff's failure to fulfill completely his obligations under the contract is due to the defendant's default there is no reason for imposing any limitation on the amount which he may recover on a *quantum meruit* or *quantum valebat* for what he has done, other than that set by the principles of fair value previously stated. Though the amount or rate of compensation stated in the contract is evidence of this, it does not set a conclusive limit on plaintiff's right." Williston on Contracts, § 1485.

"It has been definitely settled by this court in a long line of decisions beginning with *Tribou v. Strowbridge,* 7 Or. 156, that where one performs service for another on a special contract, and for any reason except a voluntary abandonment fails to comply with his contract, and such compliance becomes impracticable and the service has been of value to him for whom it was rendered, he may recover for such service its reasonable value." *Wuchter v. Fitzgerald,* 83 Or. 672 (162 P. 819).

Further citation of authority is unnecessary.

Finding no error, the judgment of the circuit court will be affirmed.

It is so ordered.

BEAN, BAILEY and ROSSMAN, JJ., concur.