Argued at Pendleton November 2; affirmed December 6, 1938

## WALLOWA LAW, LAND & ABSTRACT CO., Inc., *v.* McGAFFEE et al.

(84 P. (2d) 1116)

*S. H. Burleigh,* of La Grande (Burleigh & Burleigh, of La Grande, on the brief), for appellant.

*A. S. Cooley,* of Pendleton (Robert V. Chrisman, of Enterprise, on the brief), for respondents.

BEAN, C. J.   This is an action at law to recover a broker's commission for the sale of a stock ranch and certain personal property.   No bill of exceptions has been filed herein.   On September 2, 1938, there was filed in this court a transcript of the testimony taken upon the trial before a jury and certified to by the official court reporter.   The transcript of testimony was not filed as a bill of exceptions, nor authenticated by the trial judge.

It is contended by defendants that this court has no jurisdiction of the cause and that the appeal should be dismissed.   The only question that can be considered is the sufficiency of the complaint, or some question that arises upon the pleadings in the case, where a bill of exceptions and transcript have not been filed.   No question is raised in regard to the pleadings in this case.

The transcript of testimony, certified to by the official court reporter and not authenticated by the trial judge, is not sufficient to constitute a bill of exceptions or give the court jurisdiction to consider any question pertaining to the testimony in the case: *Singer Mfg. Co. v. Graham,* 8 Or. 17, 18, 34 Am. Rep. 572; *Kimery v. Taylor,* 29 Or. 233, 234, 45 P. 771; *Derby v. Newton,* 142 Or. 427, 20 P. (2d) 439; *Hart v. State Ind. Acc. Comm.,* 148 Or. 692, 38 P. (2d) 698; *Dickson v. Emmerson,* 154 Or. 558, 61 P. (2d) 439.   Any question pertaining to the evidence arising upon the trial of a case must be brought to this court by a bill of exceptions: *Hahn v. Mackay,* 63 Or. 100, 106, 126 P. 12, 126 P. 991; *Lewis v. Clark,* 66 Or. 461, 464, 134 P. 1194.

■ Plaintiff contends that the trial court erred in allowing the motion to set aside the judgment and granting a new trial. This question depends upon the testimony in the case and cannot be considered except by bringing the evidence into the record by a bill of exceptions.

The judgment of the circuit court granting defendants a new trial must be affirmed. It is so ordered.

KELLY and ROSSMAN, JJ., not sitting.