Submitted on briefs May 1, reversed May 23, 1956

# ELLIOTT ET UX *v.* TALLMADGE

297 P. 2d 310

*Wayne H. Blair* and *Yokom & Campbell,* of John Day, for appellant.

*Wilson and Olsen,* of John Day for respondents.

LATOURETTE, J.

The question involved in this appeal is whether or not four electric refrigerators and four electric ranges are personal or real property.

The facts are that Glen Vanderhoof and Marguerite G. Vanderhoof, his wife, owned a piece of property in Grant County, Oregon on which there was situated a bakery shop. Contemplating building four apartments above the bakery shop, they borrowed some money from plaintiffs, H. R. Elliott and Ruth Elliott, his wife, and as security for the loan, executed a mortgage to the Elliotts covering the premises. Later on they installed in the apartments four electric refrigerators and four electric ranges. Thereafter, the Vanderhoofs went into bankruptcy and later the mortgage was foreclosed, plaintiffs acquiring title to the real property through the foreclosure proceedings. The controversy arises by virtue of the fact that the trustee in bankruptcy claims the refrigerators and ranges as personal

property, whereas the Elliotts claim them as part of the real estate.

The refrigerators were plugged into ordinary electric sockets in the respective kitchens and by disengaging the plugs could be moved about at will or removed from the apartments without in any way disturbing or injuring the freehold. Likewise, the ranges were plugged into electric sockets and could be removed at will. However, above each stove there was an exhaust vent in the ceiling and the drain boards and sinks were built up flush with the tops of the ranges.

■ A trustee in bankruptcy, as to the property of the bankrupt, occupies the position of a purchaser in good faith for value and is not merely a successor in interest of the bankrupt. See *Derby v. Newton et al.*, 142 Or 427, 20 P2d 439 and the 1910 Amendment of the Bankruptcy Act (Act June 25, 1910, c 412 § 8, 36 Stat. 840).

The leading case in Oregon on the subject under discussion is *Dunn v. Assets Realization Co.*, 141 Or 298, 16 P2d 370. In that case it appears that 21 electric ranges, which were purchased on a conditional sales contract, were installed in an apartment house. The mortgage on the apartment house was foreclosed and the mortgagee claimed title to the ranges as being a part of the realty. We, in passing on the matter, enumerated three tests to ascertain the legal character of fixtures: first, annexation, second, adaptation, and third, intention. We said, at page 301 thereof:

"" * * * These, used as a general guide to be modified by the particular circumstances in each case, constitute a fairly accurate method. The tendency found in modern decisions is to stress the third test—that of intention—making it controlling *where there is doubt* as to the effect of the two others. Nevertheless, courts vary widely in arriving at a

definition of this term. It is one which may be characterized as belonging in the 'twilight zone' between realty and personality and taking on the character of either according to the circumstances governing the particular case under consideration.'' (Italics ours)

In the Dunn case the evidence showed that the ranges were connected by means of a plug in much the same manner that an electric lamp is connected. In addition, they were attached by means of a vent pipe from oven outlet to flue. We said that if this type of annexation were sufficient to convert personal property into real property, radios or floor lamps might be similarly classified. In conclusion, we said:

> ''Personal property is not so attached to real property as to become a 'fixture' within the meaning of section 64-201, Oregon Code 1930, if it can be removed without material injury to the articles themselves or to the freehold: Maxson v. Ashland Iron Works, 85 Or. 345 (166 P. 37, 167 P. 271).''

In the present case the ranges and refrigerators were connected in the same manner as the ranges were connected in the Dunn case. The fact that the drain boards and sinks were of the same height as the ranges, in our opinion, is immaterial as they were not connected to the ranges.

■ We can see no distinction in the two cases, with the one exception that in the present case both the mortgagee and mortgagor testified that when the mortgage was given it was the intention of the parties that the ranges and refrigerators were to become a part of the realty. This evidence was not admissible, but even if it were, it would not be controlling, inasmuch as there is *no doubt* as to the annexation and adaptation phases of the case.

■ Under the facts of this case we believe that the ranges and refrigerators in controversy never lost their identity as personal property. See *Barber, Trustee v. Henry et al.*, 197 Or 172, 252 P2d 802.

Reversed.