Argued October 11, 1968, affirmed June 11, petition for
rehearing denied July 11, 1969

## BUILDERS APPLIANCE SUPPLY COM-
## PANY, *Respondent, v.* A. R. JOHN CON-
## STRUCTION COMPANY, *Defendant,*
## and
## BENWARD ET UX, *Appellants.*

455 P2d 615

*Adrian D. Newton,* Portland, argued the cause for
appellants. On the briefs was Wade H. Erwin, Port-
land.

*Norman Wapnick,* Portland, argued the cause for
respondent. On the brief were Sussman, Shank &
Wapnick, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK,* Justices.

PERRY, C. J.

This is a suit to foreclose a materialman's lien. The plaintiff at the request of A. R. John Construction Company [hereinafter referred to as the Construction Company] delivered to the home of the defendants Benward [hereinafter referred to as defendants] a dishwasher, rangehood and garbage disposal unit. The dishwasher and rangehood were to replace existing kitchen equipment; the disposal unit was an addition.

The Construction Company had previously entered into a contract to remodel the home of the defendants and the purchase and installation of these articles was a part of that contract.

After the commencement of this suit the parties stipulated that if all of the appliances were lienable the plaintiff's lien was valid. The trial court found that all of the appliances were lienable and entered a decree for the plaintiff and the defendants appeal.

It is agreed by the parties that:

"The Kitchen Aid dishwasher, which is a standard size, is installed under a formica counter top along side the sink in a well which measures 25 inches deep by 24 inches wide by 36 inches high. Its door pulls down in front to permit loading of dishes. The dishwasher may be affixed to the cabinet by two screws, which in this case was not done. It is also attached by flexible rubber or plastic tubing and semi-rigid pipes to the hot water and waste drain plumbing of the house. This connec-

---

* Lusk, J., did not participate in the decision of this case.

tion is by a threaded coupling or joint. The dishwasher is also attached by a flexible metal conduit to the electrical wiring of the house through a junction box.

"The In Sink Erator garbage disposal is a standard model attached to the under part of the sink drain by a collar held tight against it by three screws at the top and by a coupling attached to the waste drain pipe at the bottom. It is also connected by a flexible metal conduit to the electrical wiring of the house through a junction box and contains a separately installed on-off switch.

"The Broan range hood is a standard model located over a drop-in counter top range. It is affixed to the underside of the overhead kitchen cabinets by 8 screws and is vented into an internal vent, going up through the ceiling of the kitchen by means of a slip collar. It is also connected to the electrical wiring of the house."

The burden of the defendants' argument is that these articles are all appliances always available, easily replaceable, that may be removed without damage to the freehold.

The question of whether a chattel which has been attached to the realty retains its personalty or becomes a part of the realty has been said to be "one of the most uncertain titles in the entire body of jurisprudence." *Helm et al v. Gilroy et al,* 20 Or 517, 522, 26 P 851. To aid in this determination, this court in *Roseburg Nat. Bank v. Camp,* 89 Or 67, 74, 173 P 313, adopted the following tests:

"(1) Real or constructive annexation of the articles in question to the realty.

"(2) Appropriation or adaptation to the use or purpose of that part of the realty with which it is connected.

"(3) The intention of the party making the an-

nexation, to make the article a permanent accession to the freehold, this intention being inferred from the nature of the article affixed, the relation and situation of the party making the annexation, the policy of the law in relation thereto, the structure and mode of the annexation and the purpose or use for which the annexation has been made."

These tests, almost universally accepted by the courts, have been applied in all our subsequent cases. *Dean Vincent, Inc. et al v. Redisco, Inc.*, 232 Or 170, 373 P2d 995.

The defendants rely heavily upon our pronouncements in *Dunn v. Assets Realization Co.*, 141 Or 298, 304, 16 P2d 370, 17 P2d 1118, *Elliott et ux v. Tallmadge*, 207 Or 428, 431, 297 P2d 310, 57 ALR2d 1099, and *Highway Com. v. Feves et al*, 228 Or 273, 279, 281, 365 P2d 97.

In each of these cases the electrical appliances were connected to the freehold by means of a simple plug which could be removed by hand. The stipulation and evidence in the case before us discloses that the articles claimed to be lienable were much more securely attached to the freehold, and, while these fixtures were not so securely attached that they could not be removed and replaced without apparent damage to the house, they were so securely attached that it cannot be said that there was, as a matter of law, insufficient annexation so as to be dispositive of the issue presented.

Turning to the question of adaptability, no reasonable person could entertain a reasonable doubt that each of these articles was appropriate and adapted to the use of the home of the defendants.

The final issue that must be considered is the in-

tention of the parties. No evidence upon this issue is present in the record other than the inferences that may be gathered from the relationship of the parties.

In *Roseburg Nat. Bank v. Camp,* supra, ps. 76, 77, it was stated:

> "The intention of the party making the annexation is the most important element. * * *
>
> "The relation and situation of the party making the annexation is an important factor and must be taken into consideration when attempting to ascertain his intention. * * * When additions are made to land by the owner the purpose is usually to enhance the value and to be permanent; * * *"

Since the defendants were the owners of the property and entered into a contract with the Construction Company to remodel their home, the only conclusion that can be drawn is that the defendants intended to place these articles in their home as permanent fixtures.

We, therefore, are of the opinion that the decree of the trial court should be affirmed.