Argued June 11, affirmed July 15, 1976

MARSH, *Appellant,*
*v.*
BORING FURS, INC., *Respondent.*

551 P2d 1053

*Raymond R. Bagley, Jr.,* of Jack Goodwin & Urbigkeit, Oregon City, argued the cause and filed a brief for appellant.

*Phil H. Ringle, Jr.,* of Ringle & Herndon, Gladstone, argued the cause for respondent. With him on the brief were Paul D. Schultz of Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

Before Denecke, Chief Justice, and O'Connell, Holman and Bryson, Justices.

O'CONNELL, J.

## O'CONNELL, J.

This is an action for the conversion of mink pens which plaintiff contends are personal property and which defendant contends are fixtures and therefore a part of the real property which he acquired as purchaser. The trial court entered a judgment in favor of defendant and plaintiff appeals.

The pens or cages in question and the sheds which house them were used in the operation of the Marsh farm before it was sold. The pens were arranged in batteries which were suspended within the sheds by means of nails, wires or staples. In the regular operation of the mink farm it is necessary from time to time to remove the pens for cleaning and repairs. This is accomplished without material injury to the pens or the sheds. The pens were designed to fit the sheds on the farm so that each battery of pens fit between the support members of the shed. This type of contruction is typical, each rancher building his pens for his particular sheds and creating his own design of pens and shed. When pens other than those designed by plaintiff were used on the Marsh farm, the sheds had to be modified to hold them. To remove the pens from the sheds one had to cut wires, pull out boards with the use of a hammer or crowbar, unhook plumbing and dismantle pipe. The pens in question had never been removed from the Marsh ranch. For property tax purposes, the pens were appraised as part of the sheds and were taxed as real property. The sheds on the Marsh farm were developed as part of a mink ranch and were suitable for that purpose only. On the basis of these facts the trial court held that there was no conversion. We agree.

In numerous previous cases we have laid down the test for determining when a chattel which is annexed to the land continues to retain its separate identity as personal property in spite of the annexation. In making this determination, three factors have been employed: (1) annexation, (2) adaptation, and (3)

intention.[1] A more recent formulation of essentially the same test is found in Brown on Personal Property (3d ed 1975) § 16.1, p. 517:

"* * * Would the ordinary reasonable person validly assume that the article in question belongs to and is a part of the real estate on which it is located—such assumption to be based on a consideration of the nature of the article itself, permanent or temporary; the degree of its attachment, firm or slight, and whether, according to the custom of the time and place the article was an appropriate and ordinary adjunct to the land or building in which it was located?"

The degree of annexation necessary to transform a chattel into realty depends upon the circumstances of the particular case. In some cases the transformation may be effected without any annexation at all. Thus it is explained:

"* * * Where the element of the suitability of the particular article to the use to which the realty is put is particularly strong, the factor of physical annexation is liberally construed or even entirely dispensed with." *Id.* at p. 520.[2]

The fact that the former chattel rests in a space in a building specially prepared for it creates a strong

---

[1] *Dean Vincent, Inc. v. Redisco, Inc.,* 232 Or 170, 373 P2d 995 (1962); *State Highway Comm. v. Feves,* 228 Or 273, 365 P2d 97 (1961).

[2] This is further explained in Brown on Personal Property § 16.3 at p. 524:

"There sometimes arise cases where, though a particular chattel may not be physically attached to the land at all, its adaption to the use to which the land is put is so pronounced that any reasonable person would consider that the article in question was an integral part of the realty. In these cases it is customary to say that the article in question is 'constructively annexed,' which, interpreted, means that though not annexed in fact, it will be treated in law as if it were annexed. Thus is preserved in form, but not in fact, the factor of physical attachment as a requirement of a fixture. Accordingly, by this expedient the temporary removal for purpose of repair or otherwise, of an undoubted fixture, will not prevent the article from still remaining a part of the realty."

In the present case, the fact that the pens were regularly removed for cleaning and repair would not require the conclusion that they retained their character as chattels.

inference that it was intended to become a part of the realty.[3]

■ In the present case the fact that the building was designed for one purpose which could be fulfilled only by attaching the mink pens raises the inference that the owner intended to integrate the building and pens into a single economic unit.[4]

■ Plaintiff adduced evidence to show that he did not intend to treat the pens as a part of the realty. We have made it clear that the factor of intention is not to be treated by the owner's actual subjective intent, but "an objective and presumed intention of that hypothetical ordinary reasonable person, to be ascertained in the light of the nature of the article, the degree of annexation, and the appropriateness of the article to the use to which the realty is put."[5]

The evidence is sufficient to establish that the mink pens were fixtures and that defendant purchased the real property without notice of any interest which plaintiff might have retained by agreement with defendant's predecessors in title.

Judgment affirmed.

---

[3] Brown on Personal Property § 16.2 at p. 521 (1975), and cases cited in note 26 at page 523.

[4] *Cf., Voorhis v. Freeman,* 2 W & S (Pa) 116, 37 Am Dec 490 (1841); *Messenger Publishing Co. v. Board of Property Assessment,* 183 Pa Super 407, 132 A2d 768 (1957).

[5] Brown on Personal Property, § 16.2, p. 537. *See also, State Highway Comm. v. Feves,* 228 Or 273, 365 P2d 97 (1961).