Argued June 9, affirmed July 11, 1977

# HALFACRE, *Appellant,*
## *v.*
# TALNEY et al, *Respondents.*

(TC 418-921, SC 24795)

566 P2d 496

Martin W. Van Zeipel, Portland, argued the cause and filed the brief for appellant.

Graham Walker, Portland, argued the cause for respondents. With him on the brief was Jon A. Schiewe, Portland.

Before Denecke, Chief Justice, and Tongue, Bryson and Tompkins, Justices.

TONGUE, J.

## TONGUE, J.

This is an action for damages for legal malpractice in improperly preparing a mechanic's lien for filing for labor and materials performed and furnished by plaintiff in repairing and reinstalling commercial washing machines in a coin-operated "laundromat." Plaintiff appeals from an order allowing defendants' motion for summary judgment and denying plaintiff's motion for a summary judgment. We affirm.

Plaintiff contends that

> "The Court erred in allowing the summary judgment on behalf of the defendants because a bona fide dispute existed as to issue of fact as to whether or not the items on the mechanic's lien were fixtures or not."

In support of that contention, plaintiff cites two cases: *Forest Grove Brick v. Strickland,* 277 Or 81, 87, 559 P2d 502 (1977), which holds that "[t]o warrant summary judgment the moving party must show that there is no genuine issue of material fact * *. *", and *Builders Appl. v. A. R. John Co.,* 253 Or 582, 584-85, 455 P2d 615 (1969), which holds that, in determining whether a chattel which has become attached to the realty retains its "personality" or becomes "a part of the realty" for the purposes of such a lien, *one of the tests to be applied is "[t]he intention of the party making the annexation * * *."* (Emphasis added)

Upon our examination of the record, however, it does not appear that, in opposing defendants' motion for summary judgment and in support of his own motion for summary judgment, the plaintiff contended that there was any issue of fact in this case relating to the intent of the parties. Instead, the affidavit filed on plaintiff's behalf deals primarily with facts as to which there was no issue, such as the method by which the washing machines were attached to the building, including "bolting the machines into previously drilled holes in the cement block," the attaching of hoses to "preset hose bibs" and the insertion of "a pronged plug into a preset wall socket," all in such a manner that

[ 51 ]

the machines could be easily removed without injury to the real estate, and that plaintiff explained all of this to defendants for the purpose of the preparation of a mechanic's lien.[1]

In *Bosler v. Short,* 277 Or 697, 561 P2d 1025 (1977), the appellant also, as in this case, claimed for the first time on appeal that there was an issue of fact which made it improper to grant a motion for summary judgment. In affirming the trial court, we said (at 700):

> "* * * Assuming, without deciding, that plaintiff might possibly produce evidence that the purpose was to vest in plaintiff an interest in the land, plaintiff did not oppose the motion for summary judgment in the trial court *on the ground now advanced, nor did he assert that there was any other issue of fact* which could be resolved by the presentation of affidavits or other evidentiary matter; * * *." (Emphasis added)

To the same effect, we held more recently in *Pelege v. Chrysler,* 278 Or 223, 227, 563 P2d 701 (1977), in also affirming a summary judgment, that:

> "* * * it was incumbent upon defendant under accepted summary judgment proceeding practices, to apprise the trial court by affidavit that there was evidence which could be adduced tending to prove the existence [of a genuine issue of material fact] * * *."

In this case it appeared from the affidavits submitted by the parties in support of their respective motions for summary judgment that there was no issue of fact as to the "method" of the attachment of the washing machines to the building, and plaintiff made no contention to the trial court by affidavits filed by him that there was an issue of fact relating to "the intent of the parties," as now for the first time contended by him on appeal.

---

[1] Plaintiff's complaint alleges that the lien prepared by defendants was defective in that it "failed to separately state lienable and nonlienable items" and included "items for labor performed and material on items of personal property." A copy of the lien itself was not attached to the complaint and is not included in the record.

It follows that the trial court did not err in granting defendants' motion for summary judgment.

In order that there may be no confusion in the interpretation of this opinion as it applies to the substantive law relating to fixtures to real property, it should be noted that in *Marsh v. Boring Furs, Inc.,* 275 Or 579, 583, 551 P2d 1053 (1976), we rejected the contention that the question of intent in such cases is to be determined by looking to the "actual subjective intent," but instead the test is "an objective and presumed intention of that hypothetical ordinary reasonable person," thus adopting the test as stated in Brown on Personal Property 517, § 16.1 (3d ed 1975).

Indeed, even in *Builders Appl. v. A. R. John Co., supra,* the case on which plaintiff relies on this question, the court noted (at 586) that in the absence of evidence from which the intention of the parties could be determined and where, as in that case, the appliances were originally installed by the owners of the property, "the only conclusion that can be drawn is that defendants [the owners] intended to place these articles in their home as permanent fixtures."

Similarly, in this case, because plaintiff's affidavit on the motions for summary judgment raised no question of fact relating to the intention of the parties in the installation of these washing machines, presumably by the owners of the building, and stated no fact contrary to an intent by the owner that they be annexed as fixtures to the building, we hold that the trial court did not err in deciding that question adversely to plaintiff, at least as a matter of summary judgment, under the circumstances of this case.

Affirmed.